DECISION AND JOURNAL ENTRY
{¶ 1} Defendant, Mary Rowles, appeals from the decision of the Summit County Court of Common Pleas which sentenced her to an aggregate of thirty years imprisonment following a guilty plea. We affirm.
 {¶ 2} On May 23, 2003, the Summit County Grand Jury indicted Defendant and her co-defendant, Alice Jenkins, with five counts of kidnapping, in violation of R.C. 2905.01(A)(3), five counts of felonious assault, in violation of R.C. 2903.11(A)(1), six counts of endangering children, in violation of R.C. 2919.22(A), three counts of corrupting another with drugs, in violation of R.C. 2925.02(A)(4), one count of possession of marijuana, in violation of R.C. 2925.11(A), and five counts of permitting child abuse, in violation of R.C. 2903.15(A). Defendant pleaded guilty to all charges on October 30, 2003, and the court set the case for sentencing.
 {¶ 3} Following her guilty plea, Defendant discovered the existence of a medical condition which might provide some defense to the endangering children, felonious assault, and permitting child abuse charges. She moved for continuance of the sentencing hearing in order to conduct further investigation into the propriety of the defense, and the court granted that motion. Defendant then filed a motion to withdraw her guilty plea. The court heard the motion on December 23, 2003, but Defendant's anticipated expert refused to testify at the hearing. The court granted Defendant an additional seven days to locate an expert or other evidence to support her alleged defense. Defendant failed to do so.
 {¶ 4} The trial court denied Defendant's motion to withdraw her guilty plea on January 9, 2004. The court sentenced Defendant to an aggregate of thirty years imprisonment on the twenty-five charges. Defendant timely appealed, raising two assignments of error for our review.
 ASSIGNMENT OF ERROR I
"The trial court erred when it denied [Defendant's] pre-sentencing motion to withdraw her guilty plea."
 {¶ 5} In her first assignment of error, Defendant argues that the trial court erred in denying her motion to withdraw her guilty plea. She asserts that the trial court should have freely granted her motion instead of "conduct[ing] a `mini-trial' in which the court applied its opinion regarding the feasibility of [Defendant's] defense." We disagree.
 {¶ 6} Crim.R. 32.1 permits a defendant to file a pre-sentence motion to withdraw her plea. A defendant, however, has no absolute right to withdraw her plea, State v. Xie (1992), 62 Ohio St.3d 521, paragraph one of the syllabus, and bears the burden of providing the trial court a reasonable and legitimate reason for withdrawing the plea. State v. VanDyke, 9th Dist. No. 02CA008204, 2003-Ohio-4788, t ¶ 10. While a trial court should freely and liberally grant a pre-sentence motion to withdraw a plea, the decision rests within the sound discretion of the trial court. Xie, 62 Ohio St.3d at 526. We review the trial court's denial of a motion to withdraw plea for an abuse of discretion. Id. An abuse of discretion implies more than a mere error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619,621.
 {¶ 7} A trial court does not abuse its discretion in denying a motion to withdraw plea where three elements are met. State v. Robinson, 9th Dist. No. 21583, 2004-Ohio-963, at ¶ 30. First, the defendant must have been represented by competent counsel; second the court must provide the defendant a full Crim.R. 11 hearing prior to accepting the original guilty plea; and, finally, the court must provide a full hearing to the defendant, considering all the arguments in favor of withdrawal of his plea, before rendering a decision on the motion. Id.
 {¶ 8} Defendant does not challenge the first two elements, competent representation and provision of a full hearing prior to acceptance of her guilty plea. Instead, Defendant alleges that she presented a reasonable and legitimate basis for withdrawing her plea which the court did not fully and properly consider before rendering a decision on her motion to withdraw her plea: the defense of rumination.[1] The record shows, however, that Defendant failed to present any evidence tending to show that the child victims in this case suffered from rumination. More than a month elapsed between the discovery of the possible defense and the hearing on Defendant's motion to withdraw her plea, yet, on the day of the hearing, she failed to offer any evidence supporting the defense. The expert witness she expected to testify refused to offer an opinion or remain involved in any way with the case. The court granted Defendant an additional week in which to offer some evidence showing that the children may have suffered from rumination. She failed to do so. Defendant, therefore, left the court with no evidence supporting her alleged defense. Given that Defendant offered not even a scintilla of evidence supporting her "reasonable and legitimate" reason to withdraw her plea, we cannot find that the trial court abused its discretion in denying that motion. The trial court held a full hearing on Defendant's motion to withdraw her plea — she simply failed to offer any evidence supporting it.
 {¶ 9} Defendant was represented by competent counsel, the court held a full Crim.R. 11 hearing prior to accepting Defendant's guilty plea, and the court granted Defendant a full hearing on her reasons for requesting withdrawal of her guilty plea, considering all of the evidence and arguments before it prior to issuing a decision. The trial court did not abuse its discretion. Accordingly, we overrule Defendant's first assignment of error.
 ASSIGNMENT OF ERROR II
"The trial court erred in sentencing [Defendant] to more than the `statutory maximum' sentence."
 {¶ 10} In her second assignment of error, Defendant alleges that the trial court erred by sentencing her to more than the statutory maximum sentence in violation of Blakely v. Washington (2004), 124 S.Ct. 2531,159 L.Ed.2d 403. She contends that the trial court's sentence required factual findings on the part of the judge which violate herSixth Amendment right to a jury's determination of the facts. Based solely on the facts of the indictment, she asserts that the court could sentence her only to minimum, concurrent sentences on all counts. We disagree.
 {¶ 11} In Blakely, Ralph Howard Blakely, Jr., pleaded guilty to kidnapping his estranged wife and brandishing a gun during the kidnapping. Washington law dictated a presumptive sentencing range of 49-53 months based upon Blakely's plea. The Washington State trial court made a statutory finding that Blakely acted with "deliberate cruelty" and enhanced the sentence to 90 months. Eventually, Blakely's appeal reached the United States Supreme Court which reversed based on a compound error by the trial court. First, the Blakely court held that the trial court violated Blakely's Sixth Amendment right to a jury trial by making the factual finding of "deliberate cruelty." "`Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt.'" (Emphasis added.) Blakely, 124 S.Ct. at 2536, quoting Apprendi v. New Jersey (2000), 530 U.S. 466, 490, 147 L.Ed.2d 435. The Blakely Court further found that the trial court increased Blakely's sentence beyond the statutory maximum based on this factual finding of "deliberate cruelty."
"[T]he `statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. In other words, the relevant `statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings." (Emphasis and internal citations omitted.) Blakely, 124 S. Ct. at 2537.
As the trial court could not impose a sentence greater than 53 months in the absence of the "deliberate cruelty" factual finding, the finding was critical and Blakely's sentence violated the Sixth Amendment of the United States Constitution. Id.
 {¶ 12} Under Ohio law, in order to impose a greater-than-minimum sentence on a first time offender a trial court must expressly find that "the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." R.C. 2929.14(B)(2). Defendant, in the case at bar, asserts that this requisite finding equates to an improper finding of fact under Blakely, which violates her Sixth Amendment right to a jury trial. We disagree.
 {¶ 13} Foremost, the Washington State sentencing law and surrounding circumstances as considered in Blakely are distinguishable from those in the present case. Blakely is expressly inapplicable to indeterminate sentencing schemes. Blakely, 124 S.Ct. at 2540 (finding that indeterminate sentencing does not "infringe on the province of the jury" in violation of the Sixth Amendment). See, also, State v. Berry, 12th Dist. No. CA2003-02-053, 2004-Ohio-6027, at ¶ 38 ("[t]he majority in Blakely made it clear that their decision did not apply to states with indeterminate sentencing schemes").
 {¶ 14} In addition, the determinate sentencing scheme in Washington is unlike Ohio's sentencing provisions. The Washington statutes at issue inBlakely set certain ceilings on sentencing based upon a defendant's proven conduct; Ohio law merely structures judicial discretion within an indeterminate sentencing scheme while permitting a judge to exercise discretion within that range. Berry at ¶ 40. Washington law permitted a sentence of between 49 and 53 months, based upon Blakely's conduct. The trial court found an additional factor which it used to enhance Blakely's sentence beyond the prescribed range to 90 months. In the present case, however, the trial court sentenced Defendant within the statutory range for each enumerated felony: less than ten years for a first degree felony, eight years for a second degree felony, and five years for a third degree felony. See R.C. 2929.14(A). Unlike the circumstances ofBlakely, the trial court did not sentence Defendant to a term of imprisonment beyond the statutory maximum.
 {¶ 15} Next, the Blakely decision must be read in light of precedent and traditional sentencing practice. Blakely specifically explained that the Sixth Amendment limits judicial power and discretion in sentencing only to the extent that such power "infringes on the province of the jury." Blakely, 124 S.Ct. at 2540. During sentencing, judges have traditionally considered uncharged circumstances to increase a defendant's punishment. Harris v. United States (2002), 536 U.S. 545, 562,153 L.Ed.2d 524. Sentencing determinations related to the unique facts of a crime or the impact of a sentence upon the protection of the public are decisions which have never been consigned to juries. Berry at ¶ 40, citing Griffin and Katz, Ohio Felony Sentencing Law, 482, Section 2.22. In fact, Ohio law actually prohibits a jury from making these types of sentencing determinations. State ex rel. Mason v. Griffin,
___ Ohio St.3d ___, 2004-Ohio-6384, at ¶ 15.
 {¶ 16} The nature of a jury also suggests that determination of certain sentencing factors, such as the seriousness of an offense, should not be relegated to juries. Juries do not have the cumulative experience and knowledge necessary to make informed determinations related to the seriousness of an offense or the impact of a sentence on protection of the public from future crimes. A juror's experience is generally limited to a single case, which, given the lack of available comparative experience, may inevitably be the worst form of the offense in their mind. A judge, on the other hand, has vast knowledge stretching across a wide genre of cases and crimes, experiences typical recidivism rates by presiding over repeat offenders, and understands the extensive array of facts and circumstances which may relate to the seriousness of each offense.
 {¶ 17} Recognizing the traditional power of judges in imposing sentence, the United States Supreme Court has "consistently approved sentencing schemes that mandate consideration of facts related to the crime * * * without suggesting that those facts must be proved beyond a reasonable doubt." McMillan v. Pennsylvania (1986), 477 U.S. 79, 93,91 L.Ed.2d 67. "[N]othing in [the Court's precedent] suggests that it is impermissible for judges to exercise discretion — taking into consideration various factors relating both to offense and offender — in imposing a judgment within the [statutory] range[.]" Apprendi,530 U.S. at 481. See, also, McMillan, 477 U.S. at 87-88; State v.Huhgett, 2004-Ohio-6207, 5th Dist. No. 04CAA06051, at ¶ 47. Instead, a judge:
"may select any sentence within the range, based on facts not alleged in the indictment or proved to the jury — even if those facts are specified by the legislature, and even if they persuade the judge to choose a much higher sentence than he or she otherwise would have imposed." Harris, 536 U.S. at 566.
Consideration of the unique facts of each crime within an indeterminate sentencing scheme is permissible under the Sixth Amendment precisely because those facts, by themselves, do not "pertain to whether the defendant has a legal right to a lesser sentence[.]" (Emphasis omitted.)Blakely, 124 S.Ct. 2540.
 {¶ 18} We conclude that Blakely does not bar an Ohio trial court judge from exercising his traditional sentencing discretion, in which the judge necessarily considers the facts of the underlying offense in making the determinations required under R.C. 2929.14(B). See McMillan,477 U.S. at 87-88, 93; Apprendi, 530 U.S. at 481; Harris, 536 U.S. at 566;Blakely, 124 S.Ct. at 2540-42. Instead, the discretion reserved to trial judges in Ohio illustrates the exercise of discretion, within an indefinite sentencing scheme, as was contemplated by Blakely.
 {¶ 19} When the State of Ohio charges a defendant with a felony, R.C.2929.14(A) specifically provides for an indefinite term of imprisonment depending upon the degree of the felony. Prior to acceptance of a defendant's guilty plea, Crim.R. 12(C)(2)(a) requires a court to specifically inform the defendant of the maximum penalty with which that defendant may be punished, thus notifying the defendant that he will be subject to an indefinite term of imprisonment based entirely upon his guilty plea. The additional findings necessary to impose a more than minimum sentence on a first time offender under R.C. 2929.14(B) are neither findings of fact nor the type of finding traditionally consigned to a jury such that the Sixth Amendment would encompass them within its grasp. Concurrently, an Ohio judge may not sentence a defendant to a penalty in excess of the statutory maximum regardless of his findings related to the underlying offense. See R.C. 2929.14(A). Therefore, this situation presented in the present case is distinguishable from both the application and reasoning provided in Blakely, where the trial court sentenced Blakely to 37 months in excess of the amount of imprisonment permitted by the statute under which he was convicted.
 {¶ 20} Blakely further does not apply to imposition of consecutive sentences. As long as each sentence does not exceed the statutory maximum, courts have consistently held that Blakely is not implicated. See State v. Taylor, 11th Dist. No. 2003-L-165, 2004-Ohio-5939, at ¶ 25
(stating that Blakely and Apprendi do not apply to consecutive sentences as long as each individual sentence does not exceed the statutory maximum); State v. Wheeler, 4th Dist. No. 04CA1, 2004-Ohio-6598, at ¶ 23; State v. Madsen, 8th Dist. No. 82399, 2004-Ohio-4895, at ¶ 17
("Apprendi and Blakely concern the limitations for punishment for one crime committed. They do not discuss whether sentences for multiple, separate crimes should be served concurrently or consecutively.") A judge, therefore, may properly make the findings under R.C. 2929.14(E)(4) necessary to impose consecutive sentences without submitting the underlying facts to a jury.
 {¶ 21} The trial court in this case properly considered the facts of the underlying offenses and concluded that minimum sentences "would demean the seriousness of the offense[s] and not adequately protect the public * * * from future criminal conduct by [Defendant]." The court also properly supported imposition of consecutive sentences, finding that:
"consecutive sentences are necessary to protect the public and punish the offender, not disproportionate to the conduct and to the danger the offender poses, and the harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct[.]"
 {¶ 22} Blakely does not prohibit a judge from making factual determinations related to the underlying offense when exercising discretion within Ohio's sentencing scheme. The court, therefore, properly made all findings requisite to imposition of more-than-minimum, consecutive sentences. Accordingly, we overrule Defendant's second assignment of error.
 {¶ 23} We overrule Defendant's assignments of error and affirm the judgment of the Summit County Court of Common Plea.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, P.J., Boyle, J., Concur.
[1] Rumination is not technically a defense to the charges. It is only a possible manner in which to rebut the cause of the harm suffered by the children in certain cases. This Court, however, will refer to it as a defense merely for ease of discussion.