{¶ 32} I agree with the holding and reasoning of the majority, and only wish to emphasize that it has always been the province of the judge, not the jury, to determine the impact of a sentence on public protection and proportionality. State v. Berry, Butler App. No. CA2003-02-053, 2004-Ohio-6027, at ¶ 40, quoting Griffin Katz, Ohio Felony Sentencing Law (2004), 482, Section 2.22. Unlike judges, juries do not have the cumulative experience or knowledge to judge the "seriousness of the offender's conduct" or the need to "adequately protect the public from future crime by the offender or others." R.C. 2929.14(B)(2). SeeState v. Rowles, Summit App. No. 22007, 2005-Ohio-14, at ¶ 16. Consequently, the judge is accorded the responsibility to view the facts reflected in the jury verdict or admitted by the defendant through the lens of his or her experience and knowledge to ensure that the defendant's sentence both protects the public and is proportional. Because the sentence resulting from the judge's application of R.C.2929.14(B) is based upon the jury's verdict or admitted facts, the defendant's Sixth Amendment rights are not violated by R.C. 2929.14(B).