DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, William M. Burns, appeals from his sentence imposed by the Summit County Court of Common Pleas. This Court affirms.
 I. {¶ 2} Appellant was indicted on 10 counts as follows: 1 count of aggravated burglary, in violation of R.C. 2911.11(A)(2); 3 counts of kidnapping, in violation of R.C. 2905.01(A)(2); 2 counts of aggravated robbery, in violation of R.C. 2911.01(A)(1); 1 count of improperly discharging a firearm at or into a habitation or school, in violation of R.C. 2923.16(A)(1); 2 counts of felonious assault, in violation of R.C.2903.11(A)(2); 1 count of vandalism, in violation of R.C. 2905.05(A); and 10 firearm specifications related to these counts, violations of R.C.2941.145. On May 17, 2004, Appellant pled guilty to these charges.
 {¶ 3} On June 14, 2004, the trial court held a sentencing hearing. As a result of a combination of concurrent and consecutive terms, Appellant was sentenced to an aggregate term of twenty years incarceration. Appellant timely appealed his sentence, raising two assignments of error for review.
 II. ASSIGNMENT OF ERROR I
"The trial court erred in sentencing [appellant] because the facts supporting the sentence were not found by a jury in violation of his sixth amendment right to a trial by jury as definitively interpreted by the united states supreme court in Blakely v. Washington (2004)[,] 542 U.S. ___."
 {¶ 4} In his first assignment of error, Appellant avers that the imposition of his sentence required findings of fact that were required to be made by a jury. In support, Appellant argues that the U.S. Supreme Court's decision in Blakely v. Washington (2004), 124 S.Ct. 2531,159 L.Ed.2d 403, compels the conclusion that Ohio's sentencing scheme is unconstitutional. This Court disagrees.
 {¶ 5} We have previously addressed the issue of the impact of Blakely
on Ohio's sentencing scheme. In doing so, this Court found that Blakely
did not serve as a bar to trial court judges exercising their discretion under R.C. 2929.14(B). State v. Rowles, 9th Dist. No. 22007, 2005-Ohio-14, at ¶ 18. Since our decision, the U.S. Supreme Court has decided U.S. v.Booker (2005), 125 S.Ct. 738, 160 L.Ed.2d 621. Booker applied the rationale set forth in Blakely to invalidate the Federal Sentencing Guidelines to the extent that such guidelines were mandatory. Id. at 756. The Guidelines were then severed, and the Court found the use of the guidelines in an advisory fashion did not violate the Constitution. Id. at 764. The Federal Sentencing Guidelines are entirely different than Ohio's sentencing scheme. Consequently, the U.S. Supreme Court's decision in Booker provides this Court with no reason to revisit our determination regarding Blakely's applicability to Ohio's sentencing scheme. Accordingly, Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"The trial court erred in failing to follow the sentencing scheme set forth in R.C. §§ 2929.11, 2929.12, and 2929.14(b)[.]"
 {¶ 6} In his second assignment of error, Appellant contends that the record does not support the imposition of a sentence that is more than the statutory minimum. Appellant furthers asserts that the record does not support the imposition of consecutive sentences. This Court finds that Appellant's assignment of error lacks merit.
 {¶ 7} An appellate court hearing an appeal of a felony sentence may modify or vacate the sentence and remand the matter to the trial court for resentencing if the court clearly and convincingly finds that the record does not support the sentence or that the sentence is otherwise contrary to law. R.C. 2953.08. However, the failure to bring sentencing errors to the attention of the trial court constitutes a forfeiture of those errors. See State v. Bordner, 9th Dist. No. 04CA0039, 2005-Ohio-1269, explaining State v. Riley, 9th Dist. No. 21852, 2004-Ohio-4880, at ¶28. As no objection was raised during the sentencing hearing, Appellant has forfeited a majority of the issues raised in his second assignment of error. Further, Appellant has not asserted that the trial court committed plain error in his sentencing, so we decline to perform such a review.
 {¶ 8} However, we must examine one alleged error. Appellant has alleged that the trial court found in its journal entry that he had a criminal record. Appellant contends that both he and the State noted in their sentencing briefs that he did not have a criminal record. As such, Appellant argues that this incorrect finding by the trial court mandates that his sentence be vacated and his case remanded for resentencing because this Court cannot say what weight this factor was given in his sentencing.[1]
 {¶ 9} At his sentencing hearing, Appellant's counsel stressed that he did not have a prior violent history. Additionally, the trial court noted that Appellant's crimes were "inconsistent with everything that his prior life has been." In their sentencing briefs, both parties noted that Appellant did not have a serious criminal past. As such, with the record before this Court, there is no evidence to support the trial court's finding that Appellant had a criminal history. However, Appellant's sentence was announced at his sentencing hearing.
"Based on the facts and circumstances, this Court imposes a sentence of nine years for the offense of aggravated burglary.
"As to each count of kidnapping, the Court further imposes a sentence of nine years.
"The Court orders each of those counts are to be served concurrently and not consecutively.
"Court finds the firearm specifications merge for purposes of sentencing.
"Court imposes sentences of three years for the use of a firearm in the commission of the offense, to be served consecutively as required by law.
"For each count of aggravated robbery, Court imposes a sentence of eight years of definite incarceration.
"Court orders that those sentences are to be served consecutively and not concurrently.
* * *
"This Court imposes five years for discharging a firearm into a habitation.
"This Court imposes five years for felonious assault as to each count.
"For the offense of vandalism, this Court imposes a sentence of one year.
"Court orders that those sentences are all to be served concurrently and not consecutively.
"This is a total sentence of 20 years definite term incarceration."
 {¶ 10} There is no indication from that hearing that the trial court relied upon the alleged incorrect finding in its journal entry when it announced Appellant's sentence. To the contrary, the trial court details the rationale it utilized in arriving at Appellant's aggregate sentence noting as follows:
"I'm struck by the extremes on both sides. The horror of the events as they unfolded, the impact they've had on the lives of those of our community who were simply going about their ordinary activities; about a young life which, despite having some of the ordinary problems of adolescence, spun out of control as a result of alcohol, drugs and factors that this Court does not pretend to understand."
 {¶ 11} At no time, other than the journal entry, does the court refer to Appellant's criminal past. This Court can and does find that Appellant has not demonstrated prejudice from this finding having been included in the journal entry. The record does not reflect that erroneous information was used in determining Appellant's sentence, nor that his sentence was increased as a result of this finding. Accordingly, Appellant's second assignment of error is overruled.
 III. {¶ 12} Appellant's assignments of error are overruled, and the judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J. Whitmore, J. Concurs.
Moore, J., Concurs in part and dissents in part saying:
 {¶ 13} While I concur with the majority's decision in Appellant's first assignment of error, I respectfully dissent from the majority's resolution of Appellant's second assignment of error as I feel under the circumstances presented the case should be remanded for resentencing in accord with R.C 2929.14(E)(4).
 {¶ 14} In resolving Appellant's second assignment of error, the majority finds that Appellant has forfeited any error in his sentence by failing to object at his sentencing hearing. In so doing, the majority relies upon this Court's prior precedent in State v. Riley, 9th Dist. No. 21852, 2004-Ohio-4880 and State v. Bordner, 9th Dist. No. 04CA0039, 2005-Ohio-1269. In Riley, this Court used the rationale set forth by the Ohio Supreme Court in State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165
to justify invoking the doctrine of waiver. Riley, at ¶ 28. In turn, this Court's decision in Bordner supplied supporting rationale for Riley's conclusion. However, in Comer, the Ohio Supreme Court noted that a trial court must make its findings orally at the sentencing hearing to allow defense counsel "the opportunity to correct obvious errors." Comer, at ¶ 22. I agree with my colleague's dissent in Riley that such rationale contemplates "an affirmative action by the trial judge which may support an objection." Riley, at ¶ 50 (Carr, J., dissenting). I also agree that Ohio's statutory scheme is distinguishable from the issue presented inUnited States v. Vonn (2002), 535 U.S. 55, and as such that Vonn's
holding provides no support for the forfeiture rule created by Riley.
 {¶ 15} R.C. 2953.08(G)(1) provides:
"If the sentencing court was required to make the findings required by division (B) or (D) of section 2929.13, division (E)(4) of section 2929.14, or division (H) of section 2929.20 of the Revised Code relative to the imposition or modification of the sentence, and if the sentencing court failed to state the required findings on the record, the court hearing an appeal under division (A), (B), or (C) of this section shall remand thecase to the sentencing court and instruct the sentencing court to state, on the record, the required findings." (Emphasis added.)
 {¶ 16} Accordingly, I would reach the merits of Appellant's second assignment of error because the above statute mandates reversal for errors in sentencing regardless of any possible prejudice to Appellant.
 {¶ 17} R.C. 2929.14(E)(4) permits a trial court to impose consecutive sentences upon finding that such sentences "are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public" and any of the following:
"(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
"(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
"(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." R.C. 2929.14(E)(4).
 {¶ 18} These findings must be made both orally at the sentencing hearing and written in the court's journal entry. State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165, at ¶ 26. Further, R.C. 2929.19(B)(2) requires that the court state its reasons for imposing consecutive sentences. "We do not require the court to utter any `magic' or `talismanic' words, but it must be clear from the record that the court made the required findings." State v. White (1999), 135 Ohio App.3d 481,486.
 {¶ 19} At the sentencing hearing, the trial court made sufficient statements to indicate that it found both R.C. 2929.14(E)(4)(b) and (c) to be applicable. However, the trial court gave no reasons in support of either finding. At no time did the trial court discuss Appellant's crimes as "multiple offenses [that] were committed as a part of one or more courses of conduct." R.C. 2929.14(E)(4)(b). Neither did the trial court reference Appellant's criminal past to justify a finding under R.C.2929.14(E)(4)(c). Simply stating the findings required by 2929.14(E)(4) is insufficient. R.C. 2929.19(B)(2) requires that the court state its reasons for imposing consecutive sentences. In the instant matter, the trial court failed to comply with R.C. 2929.19(B)(2). Accordingly, I would remand this matter to the trial court for resentencing in accord with R.C. 2953.08(G)(1).
[1] As no opportunity for objection to this finding was available in the trial court, we find that Appellant has not forfeited this precise issue.