DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Mary L. Keller, appeals from her guilty plea and resulting sentence in the Summit County Court of Common Pleas. This Court affirms.
 I. {¶ 2} Appellant was involved in an automobile accident on May 28, 2004. As a result of the accident, appellant was indicted as follows: one count of hit-skip in violation of R.C. 4549.02, a third degree felony; one count of tampering with evidence in violation of R.C. 2921.12(A)(1), a third degree felony; one count of vehicular homicide in violation of R.C. 2903.06(A)(3); and, one count of failing to yield the right of way in violation of R.C. 4511.42, a minor misdemeanor.
 {¶ 3} Appellant pled guilty to the indictment, but presented argument to the trial court that the hit-skip violation should have been a first degree misdemeanor. Appellant argued that the victim's death was not the result of the hit-skip violation, so the hit-skip could not be elevated to a third degree felony. The trial court disagreed and sentenced appellant accordingly. Appellant timely appealed the sentence, raising two assignments of error for review.
 II. ASSIGNMENT OF ERROR I
"THE COURT COMMITTED ERROR PREJUDICIAL TO APPELLANT, WHEN IT CONCLUDED THAT A VIOLATION OF R.C. § 4549.02, UNDER THE AGREED FACTS AND CIRCUMSTANCES OF THIS CASE, WAS A FELONY OF THE THIRD DEGREE RATHER THAN A MISDEMEANOR OF THE FIRST DEGREE."
 {¶ 4} In her first assignment of error, appellant asserts that the trial court erred in its determination that her hit-skip violation was a third degree felony. This Court finds that appellant has not properly preserved her argument for appeal.
 {¶ 5} As noted above, appellant pled guilty to the indictment, which charged the hit-skip violation as a third degree felony. "A defendant who enters a voluntary plea of guilty while represented by competent counsel waives all nonjurisdictional defects in prior stages of the proceedings."Ross v. Auglaize Cty. Common Pleas Court (1972), 30 Ohio St.2d 323, 323, quoting Crockett v. Haskins (C.A.6, 1966), 372 F.2d 475, 476.
 {¶ 6} As appellant pled guilty and has not challenged the jurisdiction of the trial court, appellant has not preserved her first assignment of error for review. Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"THE TRIAL COURT'S IMPOSITION OF A FOUR YEAR PENALTY FOR A CONVICTION OF A THIRD DEGREE FELONY, VIOLATED DEFENDANT'S RIGHT TO TRIAL BY JURY UNDER BLAKELY V. WASHINGTON, U.S.C.A. CONST. AMEND 6; R.C. § 2929.14(B)(2)." (sic.)
 {¶ 7} In her second assignment of error, appellant argues that the trial court engaged in unconstitutional fact finding in order to impose more than the minimum sentence on her. Specifically, appellant asserts that Blakely v. Washington (2004), 542 U.S. 296, 159 L.Ed.2d 403, compels reversal of her sentence. This Court disagrees.
 {¶ 8} We have previously held that Blakely is inapplicable to Ohio's sentencing scheme. State v. Rowles, 9th Dist. No. 22007, 2005-Ohio-14, at ¶ 19. Additionally, this Court has held that U.S. v. Booker (2005),125 S.Ct. 738, 160 L.Ed.2d 621, provided no rationale for revisiting our prior holding. State v. Burns, 9th Dist. No. 22198, 2005-Ohio-1459, at ¶ 5. Accordingly, appellant's second assignment of error is overruled.
 III. {¶ 9} Appellant's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
Slaby, P.J. Moore, J. Concur