DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Gerald Stallard, appeals from his convictions in the Summit County Court of Common Pleas. This Court affirms.
 I. {¶ 2} On November 16, 2004, Appellant was indicted on one count of Gross Sexual Imposition, in violation of R.C. 2907.05(A)(5). In a supplemental indictment, Appellant was charged with two counts of Gross Sexual Imposition, in violation of R.C. 2907.05(A)(5). Appellant initially entered a "not guilty" plea to these charges. On March 10, 2005, Appellant agreed to a plea bargain wherein he pled guilty to count one in exchange for the State's dismissal of all other charges. The trial court ordered a pre-sentence investigation and victim impact statements and set sentencing for March 28, 2005. The trial court sentenced Appellant to one-year of incarceration and entered a finding that the minimum sentence would demean the seriousness of the offense and inadequately protect society from Appellant's future criminal conduct. The trial court found that Appellant's crime, preying on a developmentally challenged person, was the lowest form of crime in our society. Appellant timely appealed his sentence, raising one assignment of error for our review.
 II. ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED WHEN IT FAILED TO IMPOSE THE SHORTEST PRISON TERM WHEN THE ADDITIONAL FINDINGS NEEDED TO IMPOSE MORE THAN THE MINIMUM PRISON TERM WERE NOT FOUND BY A JURY OR ADMITTED BY [APPELLANT]."
 {¶ 3} In his sole assignment of error, Appellant argues that the trial court engaged in unconstitutional fact finding in order to impose more than the minimum sentence. Specifically, Appellant asserts that U.S. v.Booker (2005), 125 S.Ct. 738, Blakely v. Washington (2004), 542 U.S. 296
and Apprendi v. New Jersey (2000), 530 U.S. 466, compel reversal of his sentence. We disagree.
 {¶ 4} This Court has previously held that Blakely is inapplicable to Ohio's sentencing scheme. State v. Rowles, 9th Dist. No. 22007,2005-Ohio-14, at ¶ 19. We have also held that Apprendi does not bar an Ohio trial court judge from Court of Appeals of Ohio, Ninth Judicial District exercising his traditional sentencing discretion, in which the judge necessarily considers the facts of the underlying offense. Statev. Jenkins, 9th Dist. No. 22008, 2005-Ohio-11, at ¶ 19. Additionally, we have held that Booker provided no rationale for this Court to revisit our prior holding. State v. Burns, 9th Dist. No. 22198, 2005-Ohio-1459, at ¶ 5. Accordingly, Appellant's sole assignment of error is overruled.
 III. {¶ 5} Appellant's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this Court of Appeals of Ohio, Ninth Judicial District judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J., Carr, J., concur.