DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant, Breland Johnson, appeals the judgment imposed by the Summit County Court of Common Pleas sentencing him to a prison term of thirty years. We affirm Defendant's sentence.
 {¶ 2} On November 26, 2003, Defendant was indicted on the following charges: two counts of attempted murder, in violation of R.C. 2903.02(A); one count of aggravated robbery, in violation of R.C. 2911.01(A)(3); one count of aggravated burglary, in violation of R.C. 2911.11(A)(1); two counts of felonious assault, in violation of R.C. 2903.11(A)(2); one count of robbery, in violation of R.C. 2911.02(A)(2); one count of escape, in violation of R.C. 2921.34(A); one count of grand theft, in violation of R.C. 2913.02(A)(4); one count of assault, in violation of R.C. 2903.13(A); one count of petty theft, in violation of R.C. 2913.02(A)(1); and one count of aggravated menacing, in violation of R.C. 2903.21.
 {¶ 3} Pursuant to a plea agreement, journalized on April 4, 2003, Defendant pleaded guilty to two counts of attempted murder, one count of aggravated robbery, one count of aggravated burglary, one count of complicity to commit felonious assault, one count of escape, and one count of assault. The remaining charges were dismissed. Defendant was originally sentenced on June 4, 2003. He appealed that sentence to this Court, and inState v. Johnson, 9th Dist. No. 21665, 2004-Ohio-1231, we affirmed his sentence in part, reversed in part and remanded for resentencing. We upheld the maximum and consecutive sentences, stating that the trial court properly made "the required findings and presented sufficient reasons in support of those findings when it sentenced [Defendant] to maximum * * * and concurrent terms of incarceration for the crimes of attempted murder and aggravated burglary." Id., at ¶ 28.
 {¶ 4} On remand, the trial court conducted a resentencing hearing and found, amongst other things, that Defendant had committed the worst form of the offenses, that he posed a great likelihood of committing future offenses, that he had a lengthy criminal record, and that he posed a danger to society. The trial court sentenced him to thirty years in prison. Defendant now appeals, asserting a sole assignment of error for our review.
 ASSIGNMENT OF ERROR
"The trial court erred in imposing more-than-minimum, maximum, and consecutive sentences based upon findings made by the trial court and not a jury in violation of [Defendant's] Sixth Amendment right to trial by jury."
 {¶ 5} In his only assignment of error, Defendant maintains that the trial court violated his Sixth Amendment right to trial by jury in sentencing him to more than minimum and consecutive sentences. Defendant asserts that Blakely v. Washington (2004),542 U.S. 296 and U.S. v. Booker (2005), 125 S.Ct. 738,160 L.Ed. 621, compel reversal of his sentence. We affirm the decision of the trial court and overrule Defendant's assignment of error.
 {¶ 6} In State v. Rowles, 9th Dist. No. 22007,2005-Ohio-14, at ¶ 19-20, we held that Blakely is inapplicable to Ohio's sentencing scheme. Contrary to Defendant's assertions, the more recent U.S. Supreme Court case of U.S. v. Booker does not provide any rationale for us to revisit our prior holding, as stated in Rowles. State v. Burns, 9th Dist. No. 22198,2005-Ohio-1459, at ¶ 5. Consequently, Defendant's assignment of error is overruled. See State v. Bruce, 159 Ohio App.3d 562,2005-Ohio-373.
 {¶ 7} We overrule Defendant's assignment of error and affirm his sentence as imposed by the Summit County Court of Common Pleas.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, J., Moore, J., concur