DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, James Byrd, appeals from his convictions in the Lorain County Court of Common Pleas. This Court affirms in part and reverses in part.
 I. {¶ 2} Following a jury trial, Appellant was found guilty of aggravated robbery in violation of R.C. 2911.01(A), robbery in violation of R.C. 2911.02(A)(1), kidnapping in violation of R.C.2905.01(A)(2), and aggravated burglary in violation of R.C.2911.11(A)(1). Each of Appellant's convictions also carried a gun specification. Appellant's sentencing hearing was held on August 11, 2003, and he received an aggregate sentence of 28 years in prison.
 {¶ 3} Appellant timely appealed the trial court's judgment, but this Court dismissed his appeal when he failed to respond to an order to pay the deposit costs of his appeal. Upon motion, this Court reopened Appellant's appeal on the basis of his claim that his original appellate counsel had been ineffective. Appellant now asserts two assignments of error for review.
 II. ASSIGNMENT OF ERROR I
"THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE TERMS OF IMPRISONMENT, IN VIOLATION OF [APPELLANT'S] RIGHT, PURSUANT TOBLAKELY V. WASHINGTON, TO HAVE A JURY MAKE FACT FINDINGS NECESSARY UNDER OHIO LAW TO IMPOSE MULTIPLE TERMS OF IMPRISONMENT."
 {¶ 4} In his first assignment of error, Appellant argues that the trial court engaged in unconstitutional fact finding in order to impose consecutive sentences for his convictions. Specifically, Appellant asserts that U.S. v. Booker (2005),543 U.S. 220 and Blakely v. Washington (2004), 542 U.S. 296 compel reversal of his sentence. We disagree.
 {¶ 5} This Court has previously held that Blakely is inapplicable to Ohio's sentencing scheme. State v. Rowles, 9th Dist. No. 22007, 2005-Ohio-14, at ¶ 19. We have also held thatBooker provided no rationale for this Court to revisit our prior holding. State v. Burns, 9th Dist. No. 22198,2005-Ohio-1459, at ¶ 5. Accordingly, Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"BECAUSE IT FAILED TO STATE FINDINGS OR REASONS SUPPORTING ITS SENTENCING DECISION, THE TRIAL COURT ERRED WHEN IT IMPOSED CONSECUTIVE SENTENCES."
 {¶ 6} In his second assignment of error, Appellant asserts that the trial court erred when it failed at his sentencing hearing to make the statutory findings required to impose consecutive sentences. This Court agrees.
 {¶ 7} An appellate court hearing an appeal of a felony sentence may modify or vacate the sentence and remand the matter to the trial court for resentencing if the court clearly and convincingly finds that the record does not support the sentence or that the sentence is otherwise contrary to law. R.C.2953.08(G)(2). In order for the trial court to impose consecutive sentences, it must find that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public" and any of the following:
"(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or2929.18 of the Revised Code, or was under post-release control for a prior offense.
"(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
"(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." R.C. 2929.14(E)(4).
These findings must be made orally at the defendant's sentencing hearing. State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, at ¶ 26. Further, R.C. 2929.19(B)(2) requires that the court state its reasons for imposing consecutive sentences.
 {¶ 8} Under this Court's precedent, as Appellant failed to object at his sentencing hearing, this issue would ordinarily be forfeited. State v. Riley, 9th Dist. No. 21852, 2004-Ohio-4880, at ¶ 28. While a majority of this panel of the Court would overrule Riley, we find that the particular facts presented herein do not invoke the principles enunciated in this Court'sRiley decision. See State v. Burns, 9th Dist. No. 22198,2005-Ohio-1459, at ¶ 13-19 (Moore, J., dissenting); Riley, at ¶ 49-54 (Carr, P.J., dissenting). This Court in Riley relied heavily upon the Supreme Court's decision in Comer to invoke the doctrine of forfeiture, noting as follows:
"While counsel might be excused from entering such an objection in cases heard before Comer, the sentencing hearing in the present case took place after the Ohio Supreme Court issued its opinion in Comer." Id. at ¶ 28.
In the instant matter, the trial court held Appellant's sentencing hearing prior to the Supreme Court's issuance ofComer. In fact, at the time of his hearing, based upon then-existing precedent from this Court, the trial court was not obligated to make the statutory findings at the sentencing hearing. See State v. Riggs (Oct. 11, 2000), 9th Dist. No. 19846. Accordingly, we decline to apply the doctrine of forfeiture to the instant matter and proceed to address Appellant's alleged error.
 {¶ 9} "We do not require the court to utter any magic or talismanic words, but it must be clear from the record that the court made the required findings." State v. White (1999),135 Ohio App.3d 481, 486. Upon review, the trial court failed to make any statement that could be interpreted as the required findings prior to ordering Appellant to serve consecutive sentences. Accordingly, Appellant's second assignment of error is sustained.
 III. {¶ 10} Appellant's first assignment of error is overruled. Appellant's second assignment of error is sustained. The judgment of the Lorain County Court of Common Pleas is affirmed in part and reversed in part and the cause remanded for further proceedings consistent with this opinion.
Judgment affirmed in part, reversed in part, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to both parties equally.
Exceptions.
Carr, P.J., Boyle, J., concur.