DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Elizabeth A. Bordner, appeals from the order of the Wayne County Court of Common Pleas, which sentenced her to consecutive sentences totaling 22 months. We affirm.
 I. {¶ 2} On February 11, 2004, Ms. Bordner pled guilty to four charges: one count of trafficking in crack-cocaine, in violation of R.C. 2925.03, a fifth degree felony; two counts of forgery, in violation of R.C.2913.31(A)(1), fifth degree felonies; and one count of misuse of credit cards, in violation of R.C. 2913.21(B)(2), a first degree misdemeanor. Sentencing was scheduled for March 16, 2004, but when Ms. Bordner did not present for the hearing the court issued a capias ordering the police to take her into custody. There is some dispute as to the actual events surrounding the execution of the capias, but the undisputed outcome was that Ms. Bordner incurred additional charges involving the assault of a police officer.
 {¶ 3} Ms. Bordner's sentencing hearing was then rescheduled for April 7, 2004, but the court interrupted the hearing and continued it until the State could determine the status of the pending assault charges. On April 23, 2004, the sentencing hearing was resumed, with Ms. Bordner present and represented by counsel. The court engaged in a colloquy with Ms. Bordner, and heard argument from her counsel and from the State. At the close of the hearing, the judge pronounced his sentencing decision for the record, with additional commentary and cursory rationale, and concluded with an invitation to the attorneys to add or object. Ms. Bordner's attorney declined to do so.
 {¶ 4} The court ordered Ms. Bordner to two consecutive 11-month sentences, for the trafficking and forgery convictions, with a 6-month concurrent sentence for the misuse of credit cards. Thus, Ms. Bordner was sentenced to 22 months of incarceration. The court formalized the decision in a judgment entry dated April 26, 2004. Ms. Bordner timely appealed to this Court, asserting two assignments of error. Because both assignments allege the same error, we have consolidated them to facilitate review.
 II. First Assignment of Error
"THE TRIAL COURT ERRED BY IMPOSING SENTENCES ON DEFENDANT'S FORGERY COUNTS CONSECUTIVELY TO HER SENTENCE ON TRAFFICKING, WITHOUT MAKING NECESSARY FINDINGS AND REASONS AT THE SENTENCING HEARING."
 Second Assignment of Error
"THE SENTENCING COURT ERRED BY NOT FOLLOWING THE STATUTORY REQUIREMENTS FOR SENTENCING CONTAINED IN R.C. 2929.01 ET SEQ."
 {¶ 5} Ms. Bordner asserts under both assignments of error that the trial court erred by failing to articulate at the sentencing hearing its findings and reasons to support imposing consecutive terms of incarceration, and therefore her cause should be remanded for re-sentencing. We disagree.
 {¶ 6} Ordinarily, to preserve a trial court error for appeal, an objection must be timely raised to the trial court, where the purported error may be corrected, or else the objection is forfeited; it may not be raised for the first time on appeal. See, e.g., State v. Geiger, 9th Dist. No. 22073, 2004-Ohio-7189, at ¶ 12; State v. Riley, 9th Dist. No. 21852, 2004-Ohio-4880, at ¶ 24-28; State v. Dent, 9th Dist. No. 20907, 2002-Ohio-4522, at ¶ 6. In Riley, this Court held:
"[N]o objection to the failure to apply a minimum sentence, or to the court's sentencing procedure, was made. Consequently, the failure to enter a timely objection constitutes [forfeiture] of the error attempted to be raised now on appeal." Riley at ¶ 28.
Although Riley used the word "waiver" rather than "forfeiture," the imprecision is not inimical to its holding.
"While waiver and forfeiture are not the same, courts have so often used them interchangeably that it may be too late to introduce precision. Nevertheless, the distinction retains some significance in the context of Crim.R. 52(B). A right that is waived in the true sense of that term cannot form the basis of any claimed error under Crim.R. 52(B). On the other hand, mere forfeiture does not extinguish a claim of plain error under Crim.R. 52(B)." (Internal citations and quotations omitted.) State v. McKee, 91 Ohio St.3d 292, 299 fn. 3, 2001-Ohio-41 (Cook, J., dissenting).
Because the remainder of this analysis does in fact involve the application of Crim.R. 52(B), we have edited the Riley holding to apply the precise word "forfeiture" and will use "forfeiture" throughout.
 {¶ 7} The Riley opinion explained that a defendant's "right" to have the trial court articulate its findings on the record is neither an absolute right nor a constitutional right, but rather "a court-made requirement regarding an explanation of the court's personal thought process when imposing sentence." Riley at ¶ 31, explaining State v.Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, at ¶ 22. As such, once a court expresses its intention to impose a sentence beyond the minimum, such as in consecutive sentencing, a defendant, and certainly her counsel, is on notice that the court is thereafter expected to make findings and state reasons on the record. See Comer at ¶ 20. A trial court's failure to adhere to this "court-made requirement" creates a defect in the sentencing procedure, which may be either remedied immediately or preserved for appeal through an objection on the record. Riley at ¶ 31-32. In contrast, circumstances constituting plain error or violating a constitutional right are not susceptible to forfeiture. Id. at ¶ 29-31.
 {¶ 8} In the present case, the dissent, infra, suggests that the trial court judge must recite the findings and reasons aloud, on risk of automatic remand, without accounting for harmless error or plain error. Our disagreement is supported by the Supreme Court's view on an analogous issue. See United States v. Vonn (2002), 535 U.S. 55, 152 L.Ed.2d 90. In considering a judge's error in omitting particular language from a guilty plea colloquy under Fed.R.Crim.P. 11,[1] the Court held "that a silent defendant has the burden to satisfy the plain error rule." Id. at 59. For our purpose, we need not belabor the proposition that assurance of a knowing and voluntary guilty plea is as much, if not more, a substantial right as is articulation of the findings and reasons underlying a sentencing decision.
 {¶ 9} In Vonn, the Court hypothesized that "a defendant could choose to say nothing about a judge's plain lapse" and "simply relax and wait to see if the sentence later struck him as satisfactory; if not, his Rule 11 silence would have left him with clear but uncorrected Rule 11 error." Id. at 73. In countermanding this possibility, the Court reasoned:
"The plain-error rule, [defendant] says, would discount the judge's duty to advise the defendant by obliging the defendant to advise the judge. But, rhetoric aside, that is always the point of the plain-error rule: the value of finality requires defense counsel to be on his toes, not just the judge, and the defendant who just sits there when a mistake can be fixed cannot just sit there when he speaks up later on." Id.
Perhaps more to the point, the Court stated:
"It is fair to burden the defendant with his lawyer's obligation to do what is reasonably necessary to render the guilty plea effectual and to refrain from trifling with the court. It therefore makes sense to require counsel to call a Rule 11 failing to the court's attention." Id. at 73 fn. 10.
Because we cannot conclude that the articulation of sentencing factors in our case demands more rigorous protection than the entry of a guilty plea in Vonn, we find this position persuasive, and find it reasonable to require counsel to call a sentencing procedure error to the court's attention or else forfeit that objection.
 {¶ 10} Justice Stevens dissented in part to the Vonn decision, complaining that the majority's holding that the defendant had to prove plain error was unjust, and insisting that the proper burden on appeal of forfeited objections in such substantial rights cases is to require the prosecution to prove harmless error, which "gives incentive to the judge to follow meticulously the requirements and to the prosecutor to correct errors at the time of the colloquy." Id. at 80 (Stevens, J., dissenting in part). In the present case, the dissent, infra, takes this argument one step further and urges a rule of automatic reversal, proclaiming:
"I would not find that the defendant must object to the trial court's erroneous sentencing procedure. I would find error in the sentencing procedure of the trial judge and remand the matter for resentencing."
This automatic reversal had been the rule prior to Vonn, and even Justice Stevens did not argue for a revival of that rule. See id. at 66 ("one clearly expressed objective of Rule 11(h) was to end the practice, then commonly followed, of reversing automatically for any Rule 11 error").
 {¶ 11} Therefore, we must disagree with the position taken by the dissent, infra, which would assign reversible error to every instance in which a trial court fails to articulate the specific findings aloud at the hearing, regardless of counsel's failure to remedy such omission at sentencing or preserve it for appeal, by way of objection. Furthermore, we recognize a difference between the broadly stated on the record, as used in R.C. 2953.08(G)(1), and the particular spoken aloud atsentencing, as conceived by Comer, at ¶ 20.
 {¶ 12} Thus, we consider whether Ms. Bordner has forfeited the error she has brought on appeal. See Riley at ¶ 28. At the April 23, 2003 sentencing hearing, the court informed Ms. Bordner that it would impose two 11-month sentences, to run consecutively, with the additional sentences to run concurrently. The court succinctly stated that it based the sentencing on her prior convictions. Although this is not the articulation required or anticipated by Comer, the court expressly offered Ms. Bordner the opportunity for further comment. Ms. Bordner declined. Ms. Bordner made no objection to the court's failure to apply a minimum sentence, nor any objection to the court's sentencing procedure. See Riley at ¶ 28. Rather, she remained silent in the face of this clear error. Now, on appeal, Ms. Bordner challenges the court's failure to make findings and state reasons on the record, and asks that the case be remanded with an order that the court redo the sentencing hearing. The failure to bring this purported error to the attention of the trial court when it first arose resulted in a failure to afford the trial court the opportunity to remedy any such error, and a failure to preserve the issue for appeal. Id. Therefore, this protest has been forfeited, and may be overcome only upon a showing of plain error.
 {¶ 13} The Ohio rule on harmless error and plain error, Crim.R. 52, is virtually identical to Fed.R.Crim.P. 52. The rules state:
"(A) Harmless error. — Any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded.
"(B) Plain error. — Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Crim.R. 52. See, also, Fed.R.Crim.P. 52.
One benefit of this duplicity is the guidance offered by the Supreme Court in application of this rule, such as its elaboration on 52(B) plain error review:
"[B]efore an appellate court can correct an error not raised at trial, there must be (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." (Internal quotations and citations omitted.) Johnson v. United States (1997), 520 U.S. 461, 466-67,137 L.Ed.2d 718, explaining United States v. Olano (1993), 507 U.S. 725,123 L.Ed.2d 508.
 {¶ 14} In the present case, we recognize that the trial court erred in failing to make findings and state reasons at sentencing in compliance with Comer, and that such error is plain. See Johnson, 520 U.S. at 467
(characterizing plain as "clear under current law"). Finding the first two elements satisfied, we look to the third element: whether the error affects a substantial right or, otherwise stated, whether it can overcome harmless error analysis. See Crim.R. 52(A). The Supreme Court characterizes this type of error as either an error which affected theoutcome of the proceeding, Olano, 507 U.S. at 734, or a structuralerror, which need not demonstrably affect the outcome:
"A structural' error * * * is a defect affecting the framework within which the trial proceeds, rather than simply an error in the trial process itself. We have found structural errors only in a very limited class of cases: * * * a total deprivation of the right to counsel; lack of an impartial trial judge; unlawful exclusion of grand jurors of defendant's race; the right to self-representation at trial; the right to a public trial; erroneous reasonable-doubt instruction to jury." (Internal citations, quotations and parentheses omitted.) Johnson,520 U.S. at 468-69.
The present case more appropriately represents "simply an error in the trial process itself," rather than "affecting the framework within which the trial proceeds." See id. At Ms. Bordner's sentencing hearing, the trial court failed to articulate its findings or reasons aloud, at which time Ms. Bordner (and her counsel) failed to object. Thereafter, the trial court entered judgment, stating:
"The Court has considered the record, oral statements, any victim impact statement, the presentence report, the purposes and principles of sentencing under R.C. 2929.11, the seriousness and recidivism factors relevant to the offense and offender pursuant to R.C. 2929.12, and the need for deterrence, incapacitation, rehabilitation and restitution.
"* * *
"The Court further finds that a prison sentence is consistent with the purposes and principles of sentencing under R.C. 2929.11 because a prison sentence is commensurate with the seriousness of the offender's conduct and its impact on the victim, because it is reasonably necessary to deter the offender in order to protect the public from future crime, and because it would not place an unnecessary burden on governmental resources.
"The Court further finds that the offender is not amenable to an available combination of community control sanctions.
"The Court further finds that the defendant has previously served time in a prison for a criminal offense."
Substantively, this combination of findings and reasons substantially satisfies the statutory requirements for imposing consecutive sentences, and at a minimum, fills any absence left in the record. See R.C.2929.14(E)(4).
 {¶ 15} Ms. Bordner's position in this appeal is that the trial court's violation of Comer, that is, the failure to articulate these same findings on the record during sentencing, warrants reversal and remand for re-sentencing. As a practical matter, let us consider the outcome of such an order. Were we to agree with Ms. Bordner and the dissent and remand this case with instruction to the trial court to conduct a further hearing, at which it is ordered to articulate findings and reasons aloud pursuant to Comer, then the trial court would need only read the above quoted journal entry from the existing record for the court reporter to transcribe into the new record in order to satisfy the statutory requirements. Once this recitation was complete, Ms. Bordner's sentence would be formally correct and in accord with Comer, yet it would be substantively indistinct from her present 22-month sentence. Furthermore, at that point, Ms. Bordner would be barred from appealing the substance of that sentence (i.e., her present sentence, but legitimized by having been read aloud at a hearing) under the doctrine of res judicata, as she could have challenged the substance of the sentence in the current appeal.
"[A] convicted defendant is precluded under the doctrine of res judicata from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on appeal from that judgment."State v. Szefcyk (1996), 77 Ohio St.3d 93, 96.
Therefore, a remand for recitation aloud, under the circumstances of this case changes nothing, and we conclude that the mere failure to articulate these findings at sentencing does not affect a substantial right. See Riley at ¶ 31 (explaining that it is not a right, but rather a court made requirement). Moreover, such an outcome would not merely elevate form over substance; it would be an insult to the entire concept of harmless error. See Crim.R. 52(A). It is neither prudent nor appropriate for this Court to order trial courts to remedy errors that do not affect the outcome of the case, i.e., do not affect substantial rights.
 {¶ 16} The fourth element of the plain error test requires an inquiry into the consequence of the error regarding the fairness, integrity, or public reputation of judicial proceedings. Johnson, 520 U.S. at 466-67. The Supreme Court forewarned: "Reversal for error, regardless of its effect on the judgment, encourages litigants to abuse the judicial process and bestirs the public to ridicule it." Id. at 470. See, also,United States v. Cotton (2002), 535 U.S. 625, 634, 152 L.Ed.2d 860 ("The real threat then to the `fairness, integrity, and public reputation of judicial proceedings' would be if respondents, despite the overwhelming and uncontroverted evidence that they were involved in a vast drug conspiracy, were to receive a sentence prescribed for those committing less substantial drug offenses because of an error that was never objected to at trial."). Ms. Bordner has not argued that her sentence was itself improper; she has only contested the failure to recite the findings and reasons aloud at the hearing. As such, this appeal appears to be exactly the above forewarned abuse of process, seeking reversal regardless of the purported error's effect on the judgment.
 {¶ 17} The Ohio Supreme Court has offered a corresponding interpretation of the plain error test:
"Errors that arise during a trial that are not brought to the attention of the court are ordinarily [forfeited] and may not be raised on appeal unless there is plain error, i.e., but for the error, the outcome of the trial clearly would have been otherwise." McKee, 91 Ohio St.3d at 294.
As discussed above, Ms. Bordner neither argues nor demonstrates that the outcome of her sentencing would have been otherwise had the trial court articulated its bases aloud at sentencing. Ms. Bordner's alleged error fails under this test as well. Accordingly, Ms. Bordner's assignments of error are overruled.
 III. {¶ 18} Ms. Bordner's assignments of error are overruled. The order of the Wayne County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, P.J. Concurs.
[1] Fed.R.Crim.P. 11 sets forth specific steps a judge must take in accepting a guilty plea, including a colloquy to assure the court that the defendant fully understands the law, his case and his rights as a criminal defendant, and is meant to ensure that a guilty plea is knowingly, voluntarily and intelligently made. See Kercheval v. UnitedStates (1927), 274 U.S. 220, 223, 71 L.Ed. 1009 ("A plea of guilty differs in purpose and effect from a mere admission or an extra-judicial confession; it is itself a conviction. * * * Out of just consideration for persons accused of crime, courts are careful that a plea of guilty shall not be accepted unless made voluntarily after proper advice and with full understanding of the consequences.").