DECISION AND JOURNAL ENTRY
{¶ 1} Dannie V. Yates appeals from the Summit County Court of Common Pleas, which convicted him of burglary and sentenced him accordingly. We affirm.
 I. {¶ 2} The State indicted Mr. Yates for aggravated burglary in violation of R.C. 2911.11(A)(1), a first degree felony, intimidation of a crime victim or witness in violation of R.C.2921.04(B), a third degree felony, disrupting public services in violation of R.C. 2909.04(A)(3), a fourth degree felony, possession of criminal tools in violation of R.C. 2923.24(B)(3), a fifth degree felony, and two counts of domestic violence in violation of R.C. 2919.25(A), fifth degree felonies. Mr. Yates pled not guilty. Upon plea negotiations, Mr. Yates later pled no contest to burglary in violation of R.C. 2911.12(A)(1), a second degree felony. In exchange, all other charges were dismissed. The trial court accepted this plea, found Mr. Yates guilty, and sentenced him to an agreed-upon four years incarceration. Mr. Yates timely appealed, asserting three assignments of error for review.
 II. A. First Assignment of Error
"The trial court committed reversible error when it sentenced Mr. Yates to a sentence greater than the `statutory maximum,' as defined by the U.S. Supreme Court in Blakely v. Washington , in violation of the fifth, sixth, and fourteenth amendments to the united states constitution."
 {¶ 3} Mr. Yates contends that his sentence must be reversed because it exceeds the statutory maximum, in violation ofBlakely v. Washington (2004), 542 U.S. 296, 159 L.Ed.2d 403. Without unraveling the theory by which Mr. Yates arrives at this conclusion, we need only reaffirm that Blakely does not apply to Ohio's statutory sentencing scheme. State v. McClanahan, 9th Dist. No. 22277, 2005-Ohio-2975, at ¶ 8. This assignment of error is overruled.
 B. Second Assignment of Error
"The trial court committed reversible error when it sentenced mr. yates to a greater than minimum prison sentence, in violation of R.C. 2929.14(B)."
 {¶ 4} Mr. Yates contends that his sentence must be reversed because the trial court failed to recite the requisite R.C.2929.14(B) findings on the record at his sentencing hearing, in violation of State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165. However, Mr. Yates failed to object to the sentencing procedure and bring any error to the attention of the trial court at that time, and therefore has forfeited such error for the purpose of appeal. State v. Bordner, 9th Dist. No. 04CA0039, 2005-Ohio-1269, at ¶¶ 5-17. This assignment of error is overruled.
 C. Third Assignment of Error
"The trial court violated appellant's due process rights as guaranteed by the fifth and fourteenth amendments to the united states constitution and erred under Crim.R. 11(C)(2)(A) by accepting Mr. Yates' guilty plea without first determining that he understood the nature and charge to which he was pleading no contest."
 {¶ 5} Mr. Yates alleges that he did not understand the nature of the charge against him, and therefore the trial court erred in accepting his no contest plea. Crim.R. 11(C)(2)(a) requires a colloquy between the trial court and the defendant to ensure that the plea is knowing, voluntary and intelligently made. State v.West, 9th Dist. No. 04CA008554, 2005-Ohio-990, at ¶ 16. On review, we find that the trial court conducted that colloquy by directly engaging Mr. Yates in conversation regarding the nature of the charges, the no contest plea and his rights. Upon specific inquiry by the trial court, Mr. Yates stated expressly and unequivocally that he understood the charges against him, that he understood the constitutional rights he would forego by pleading no contest, and that he understood the significant prison term he would face as a result of his plea. This assignment of error is overruled.
 III. {¶ 6} Mr. Yates' assignments of error are overruled. The decision of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Moore, J., Concurs