DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant Melissa S. McIntire has appealed from her sentence in the Wayne County Court of Common Pleas for drug possession. This Court affirms.
 I {¶ 2} Appellant was indicted on one count of possession of drugs, in violation of R.C. 2925.11, a fifth degree felony; and one count of possession of drug paraphernalia, in violation of R.C 2925.14(C), a fourth degree misdemeanor. Appellant initially pled not guilty to the charge, but later retracted the plea and entered a guilty plea to both counts. The court accepted the plea, and found her guilty on both counts. The court sentenced Appellant to an 11-month prison term for possession of drugs, and a 30-day jail term for possession of drug paraphernalia, to be served concurrently.
 {¶ 3} Appellant has timely appealed, asserting three assignments of error.
 II Assignment of Error Number One
"THE TRIAL COURT'S SENTENCE WAS CONTRARY TO LAW BECAUSE IT DID NOT TAKE INTO ACCOUNT FUNDAMENTAL SENTENCING PRINCIPLES AND EXPRESS SENTENCING CRITERIA, OR MAKE FINDINGS PURSUANT TO OHIO REVISED CODE SECTION 2929.14(B)."
 {¶ 4} In her first assignment of error, Appellant has contended that the imposition of the non-minimum sentence for the possession of drugs count was unlawful pursuant to State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, because the trial court failed to make the requisite statutory findings on the record at the sentencing hearing.
 {¶ 5} However, our review of the sentencing hearing transcript reveals that Appellant did not object to the imposition of the prison term during the sentencing hearing. Appellant admits as much in other portions of her appellate brief. Failure to object to the sentencing procedure of the trial judge constitutes a forfeiture of the alleged error. State v.Riley, 9th Dist. No. 21852, 2004-Ohio-4880, at ¶ 32; State v. Bordner,
9th Dist. No. 04CA0039, 2005-Ohio-1269, at ¶ 6. As such, Appellant has failed to preserve this issue for appeal.
 {¶ 6} Appellant attempts to characterize trial counsel's allocution on her behalf as an "objection" to the sentence. However, these statements were an attempt to mitigate the sentence and were made prior to the trial court's imposition of the sentence or its statement of the reasons in support of the sentence. Thus, they cannot constitute an objection to the sentencing procedure.
 {¶ 7} Appellant's first assignment of error lacks merit.
 Assignment of Error Number Two
"THE TRIAL COURT ERRED WHEN IT FAILED TO CONSIDER WHETHER ITS SENTENCE WAS CONSISTENT WITH SENTENCES IMPOSED FOR SIMILAR CRIMES COMMITTED BY SIMILAR OFFENDERS."
 {¶ 8} In her second assignment of error, Appellant has asserted, that despite counsel's failure to object to the trial court's sentencing procedure, the court nevertheless committed plain error by failing to consider the inconsistency of her sentence with sentences imposed for similar crimes committed by similar defendants. We disagree.
 {¶ 9} Appellant has failed to demonstrate the relevance of these sentencing entries. That is, Appellant has not demonstrated how these other entries posed circumstances similar to those present in her case. Even if Appellant had ultimately demonstrated as much, however, the trial court was ultimately not required to consider the entries. While a trial court may, in its discretion, consider sentencing journal entries from other cases, it is certainly not obligated to do so. State v. Quine, 9th Dist. No. 20968, 2002-Ohio-6987, at ¶ 11. Therefore, we cannot find that the trial court erred in failing to consider unrelated sentencing entries.
 {¶ 10} Appellant's second assignment of error lacks merit.
 Assignment of Error Number Three
"TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY NOT OBJECTING ON THE RECORD WHERE THE TRIAL JUDGE DID NOT IMPOSE THE MINIMUM SENTENCE AND FAILED TO MAKE THE REQUIRED STATUTORY FINDINGS, BY NOT INTRODUCING JUDGMENT ENTRIES OF SENTENCING FOR SIMILARLY SITUATED DEFENDANTS AT APPELLANT'S SENTENCING HEARING AND BY NOT OBJECTING TO THE INCONSISTENCY IN SENTENCING."
 {¶ 11} In her third assignment of error, Appellant has contended that she was denied effective assistance of appellate counsel on two bases: (1) counsel failed to object to the court's omission of the statutory findings for a non-minimum sentence; and (2) counsel failed to introduce sentencing entries of similarly situated defendants. We disagree.
 {¶ 12} A criminal defendant is guaranteed a right to the effective assistance of counsel by the Sixth Amendment. See McMann v. Richardson
(1970), 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763. A two-step process is employed in determining whether the right to effective counsel has been violated:
"First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland v. Washington (1984),466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674.
 {¶ 13} In demonstrating prejudice, the defendant must prove that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v.Bradley (1989), 42 Ohio St.3d 136, paragraph three of the syllabus, certiorari denied (1990), 497 U.S. 1011, 110 S.Ct. 3258, 111 L.Ed.2d 768. In addition, the court must evaluate "the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Strickland, 466 U.S. at 690. "Ultimately, the reviewing court must decide whether, in light of all the circumstances, the challenged act or omission fell outside the wide range of professionally competent assistance." State v. DeNardis (Dec. 29, 1993), 9th Dist. No. 2245, at 4.
 {¶ 14} This Court does not need to address these elements in any particular order; if we conclude that prejudice to the defendant did not result from defense counsel's actions or omissions, then we need not address whether counsel's actions or omissions were actually deficient. See Bradley, 42 Ohio St.3d at 143.
 {¶ 15} While the trial court did articulate its reasons for the sentence at the hearing, it did not make the requisite R.C. 2929.14(B) findings. However, there is not a reasonable probability, that, but for counsel's failure to object, the sentenced imposed by the court would have been different. That is, even if we were to remand this case for the court to pronounce the requisite findings on the record, the court may still impose the same sentence. Thus, Appellant has failed to demonstrate prejudice from counsel's failure to object. See Bradley, 42 Ohio St.3d at paragraph three of the syllabus; see, also, Bordner at ¶ 15.
 {¶ 16} Additionally, in light of the fact that Appellant has failed to demonstrate the relevance of these entries to her case, and since the trial court was under no obligation to consider entries at all, Appellant has failed to demonstrate how counsel's failure to introduce entries prejudiced her. See Bradley, 42 Ohio St.3d at paragraph three of the syllabus.
 {¶ 17} This Court finds that Appellant has failed to establish ineffective assistance of counsel. Appellant's third assignment of error lacks merit.
 III {¶ 18} Appellant's first, second, and third assignments of error are overruled. Appellant's sentence in the Wayne County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Batchelder, J. Reader, J. concur.
(Reader, J., retired, of the Fifth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)