OPINION
{¶ 1} Defendant-appellant, Timothy Fields, appeals the sentence imposed by the Butler County Court of Common Pleas after his convictions for felony nonsupport of dependents. We affirm the decision of the trial court.
 {¶ 2} In February 2003, as part of a plea agreement, appellant pled guilty to three counts of nonsupport of dependents, all fifth-degree felonies. The court sentenced appellant to three years of community control. In September 2004, appellant violated his community control by failing to report to his probation officer and by failing to pay child support on two other children. As a result of the failure to pay support, appellant was indicted on three counts of felony nonsupport and, as part of a plea agreement, he pled guilty to one count of non-support, a fourth-degree felony.
 {¶ 3} The trial court held a sentencing hearing on both the community control violation and appellant's subsequent conviction for nonsupport. The court began with sentencing in the 2004 case, and imposed a 15-month prison term. The trial court then turned to the 2003 case, and appellant then admitted to the community control violation. The court revoked appellant's community control and sentenced him to six months in prison on each of the three counts, to run concurrently. Finally, the court ordered the 2004 sentence to run consecutive to the 2003 sentence. Appellant appealed both sentences and the cases were consolidated on appeal.
 {¶ 4} On appeal, appellant presents a single assignment of error in which he argues that the trial court erred in finding that he was not amenable to community control and in imposing a prison term. He raises various issues in support of this argument.
 {¶ 5} The majority of appellant's argument on appeal focuses on the trial court's determination that appellant was not amenable to community control. Appellant argues that this finding was not supported by the facts presented at the sentencing hearing. Specifically, appellant argues that the trial court ignored the fact that he is an alcohol addict, has never had treatment, was accepted into a community control correctional facility, and expressed a willingness to complete treatment. He argues that a community control sentence was more likely to result in restitution to the victims than sentencing him to prison. He also argues that the trial court did not consider his statements that he was now engaged to the mother of the children in the 2004 case, and that he thought he could get his job back.
 {¶ 6} R.C. 2929.13(B) governs the sentencing of an offender who is convicted of a fourth or fifth-degree felony. The statute does not create a presumption that an offender who commits a fourth-degree felony should be sentenced to community control instead of prison, but instead gives general guidance against imprisonment for such offenders. See State v.Carr (Jan. 31, 2000), Butler App. No. CA99-02-034.
 {¶ 7} Under R.C. 2929.13(B), the trial court is first required to determine whether any of the factors enumerated in R.C. 2929.13(B)(1) are applicable. If the court finds that at least one of the factors is applicable, the court then reviews whether a prison term is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11. See R.C. 2929.13(B)(2)(a). In doing so, the court is guided by the pertinent seriousness and recidivism factors set forth in R.C. 2929.12.State v. Beckman, Butler App. No. CA2003-02-033, 2003-Ohio-5003, ¶ 11. If the trial court finds after this review that the offender is not amenable to community control and that a prison term is consistent with R.C. 2929.11 purposes and principles of felony sentencing, then the court is required to impose a prison term. R.C. 2929.13(B)(2)(a).
 {¶ 8} The trial court found that appellant committed the most recent offense while on a community control sanction, which is one of the factors enumerated in R.C. 2929.13(B)(1). The court also reviewed the seriousness and recidivism factors, finding several factors that indicated recidivism was more likely. Specifically, the court stated that appellant was on community control when the most recent offenses were committed, that appellant had multiple prior convictions, including one for the same offense of nonsupport, and that there was a failure to respond favorably to past sanctions for criminal convictions.
 {¶ 9} The court also found several factors indicating that this was a more serious form of the offense, including that the victims were very young, and there were multiple victims, leaving a mother to try and support the children herself. The court also found that the victims suffered serious economic harm because the money was needed, that the offense was related to appellant's position of trust as the father of the children and that the relationship facilitated the offense. The trial court also looked at the fact that appellant had a prior conviction that involved an assault charge and two charges of domestic violence, with at least one resulting in a conviction. The court then found that appellant was not amenable to community control.
 {¶ 10} We find no merit to appellant's argument that the trial court erred in finding that he was not amenable to community control. While appellant stated that he had been accepted into a community correctional facility and desired to undergo treatment and obtain employment, the court was not required to find he was amenable to community control on this basis. Instead, other factors as discussed above, supported the trial court's finding that appellant was not amenable to community control.
 {¶ 11} Appellant also argues in his brief that the trial court failed to state various findings on the record at the sentencing hearing. He argues that in the 2004 case, the court failed to state that "prison was consistent with R.C. 2929.11." In the 2003 case, appellant argues that the court failed to make any findings that it had considered the purposes and principles of sentencing or any of the seriousness or recidivism factors, or that it considered the victim statements or the presentence investigation.
 {¶ 12} The trial court began the hearing by stating that the purpose of the hearing was for disposition of both the 2003 and 2004 cases. The court further stated that it had reviewed the presententence investigation report prepared in the 2004 case[1] and then asked appellant for any argument in favor of mitigation. After listening to the arguments of appellant's counsel, the court discussed the seriousness and recidivism factors at issue in the two cases. Although some of the factors, such as the fact that appellant was on a community control sanction at the time of the offense, were pertinent only to the 2004 case, most of the factors were applicable to both cases. After finding that appellant was not amendable to community control and pronouncing a 15-month sentence on the 2004 case, the court turned to sentencing in the 2003 case. The defendant admitted the community control violation and pointed out to the court that at the time he was placed on community control the court stated that he would receive a six-month prison term on each of the three counts, to run concurrently, if he violated community control. The court imposed the six-month concurrent sentences, but did not reiterate its findings on the seriousness and recidivism factors. We find no error in the trial court's sentencing in this regard. Appellant was aware that he was before the court for sentencing on both cases, the charges in both cases were for failing to make child support payments, and the factors were nearly identical. Moreover, it is evident from the record as a whole that the court considered the purposes and principles of sentencing in making a sentencing decision on both cases.
 {¶ 13} To the extent that appellant argues that the trial court failed to make a finding that prison was consistent with R.C. 2929.11, we recognize that this finding is required when a court sentences a defendant to prison for a fourth or fifth-degree felony based on finding one of the factors in R.C. 2929.13(B)(1) factors. R.C. 2929.13(B)(2)(a). In State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, the Ohio Supreme Court determined that R.C. 2929.19(B) requires a sentencing judge to make certain findings on the record at the sentencing hearing before imposing consecutive sentences. Because R.C. 2929.19(B)(2)(a) requires specific findings and reasons on the record when imposing a prison sentence for a fourth or fifth degree felony, these findings must also be stated on the record at the sentencing hearing. See State v. Kelley, Franklin App. No. 04AP-694, 2005-Ohio-3620.
 {¶ 14} However, in this case, appellant failed to object to the imposition of a prison term without this finding and did not bring this alleged error to the trial court's attention. Generally, an error must be brought to the attention of the trial court at a time when it can be corrected and may not be raised for the first time on appeal. State v.Awan (1986), 22 Ohio St.3d 120. The waiver doctrine recognizes the legitimate state interests in orderly procedure through the judicial system, the desire to avoid unnecessary delay, and in discouraging defendants from making erroneous records which would allow them an option to take advantage of favorable decisions or avoid unfavorable ones. Id. at 123.
 {¶ 15} In a case involving similar facts, the Ninth District Court of Appeals found that a defendant who did not object at the sentencing hearing when the trial court failed to make the required findings for imposing a nonminimum sentence waived any objection on appeal. State v.Riley, Summit App. No. 21852, 2004-Ohio-4880. The Ninth District reviewedComer and noted that the purpose for requiring certain findings at the time of sentencing, rather than in a judgment entry, was to allow trial counsel "the opportunity to correct obvious errors * * * [and] encourages judges to decide how the statutory factors apply to the facts of the case." Riley at ¶ 26, quoting State v. Comer, 2003-Ohio-4165, at ¶ 22. The Riley court also noted that the procedure in Comer was said to enable an appellate court to conduct a meaningful review of the sentencing decision. Id. Based on the Ohio Supreme Court's reasoning in Comer, the Ninth District determined this language meant that the procedure provides trial counsel with an opportunity to enter an objection at a time when these types of sentencing errors may be corrected with the trial court. Id.
 {¶ 16} The Riley court went on to reason that "[w]hile counsel may be excused from entering such an objection in cases heard before Comer, the sentencing hearing in the present case took place after the Ohio Supreme Court issued its opinion in Comer. The appellant below and his counsel were present at the sentencing hearing and had the opportunity to bring any alleged error in this regard to the attention of the trial court."Riley at ¶ 28. On a review of the record, the Riley court further found that after recitation of the sentence, the trial court addressed both appellant and his counsel and inquired whether there was anything further to be included in the record. Id. While the defendant and his counsel spoke to other matters, no objection was raised regarding the trial court's statement of the sentencing factors. Accordingly, the Riley court found that the defendant's failure to enter a timely objection constituted waiver of the error he attempted to raise on appeal. Id. We find this reasoning persuasive.
 {¶ 17} In State v. Bordner, Wayne App. No. 04CA0039, 2005-Ohio-1269, the Ninth District provided further analysis on this issue. In Bordner,
the court reviewed the United States Supreme Court decision in U.S. v.Vonn (2002), 535 U.S. 55, 122 S.Ct. 1043, finding that it supported waiver of sentencing issues when they are not raised at the sentencing hearing. In Vonn, the Supreme Court considered a defendant's duty to object when a judge committed error by omitting Rule 11 language from a guilty plea colloquy. In finding that the defendant waived his right on appeal to object to the trial court's error, the Court stated that "a silent defendant has the burden to satisfy the plain error rule." Id. at 59. The court reasoned that otherwise, "a defendant could choose to say nothing about a plain lapse" and "simply relax and wait to see if his sentence later struck him as satisfactory; if not, his Rule 11 silence would have left him with clear but uncorrected Rule 11 error." Id at 73. Moreover, "the value of finality requires defense counsel to be on his toes, not just the judge, and the defendant who just sits there when a mistake can be fixed cannot just sit there when he speaks up later on." Id.
 {¶ 18} Like the Ninth District determined, "we cannot conclude that the articulation of sentencing factors in our case demands more rigorous protection than the entry of a guilty plea in Vonn * * *." State v.Bordner, 2005-Ohio-1269 at ¶ 9. The requirement that a trial court state its findings at the sentencing hearing is not an absolute right, nor is it a constitutional right. Riley, 2004-Ohio-4880 at ¶ 31. As such, we find that once a court expresses its intention to impose a sentence that requires specific findings and/or reasons stated on the record, a defendant is put on notice that the court is required to make these findings orally on the record. Id. Any defect in the sentencing procedure must be brought to the court's attention so that it can be either remedied immediately or preserved for appeal through an objection on the record. See id.
 {¶ 19} The sentencing hearing in this case took place on February 15, 2005, well after the Ohio Supreme Court decided Comer. As mentioned above, at the hearing, the trial court first sentenced appellant on the 2004 case, then on the 2003 case. At the conclusion of the court's sentencing decision on the 2003 case, the court asked appellant's counsel if there was anything further that needed to be addressed. Appellant's counsel asked to approach the bench and a discussion was held off the record. The trial court then clarified the issue of post-release control, explaining the requirements in detail to appellant. After this discussion, the court again asked if there was "anything I haven't covered" and appellant's counsel answered, "I think that is complete, your honor." While appellant's counsel requested clarification regarding other sentencing matters, no objection was raised regarding the failure to make findings necessary to impose a prison term for fourth and fifth-degree felonies. Despite the trial court addressing counsel twice and asking if there was anything further or anything that was not covered, appellant did not object to the findings or attempt to bring the failure to the court's attention. Therefore, we find that appellant's failure to object to the lack of findings constitutes waiver of this issue on appeal.
 {¶ 20} On appeal, appellant argues that the trial court failed to make the required findings to sentence him to a prison term instead of a community control sanction and he asks this court to remand the matter for resentencing. As discussed above, the failure to bring this purported error to the trial court's attention at the sentencing hearing denied the trial court the opportunity to remedy any error, and resulted in a failure to preserve the issue for appeal. Therefore, this argument has been forfeited by appellant's failure to object, and may only be overcome by a finding of plain error. Bordner, 2005-Ohio-1269 at ¶ 12. While we have determined that appellant waived his right to raise this issue on appeal, we recognize that an appellate court may exercise its discretion and find plain error on appeal when an issue has not been raised in the court below. See In re M.D. (1988), 38 Ohio St.3d 149.
 {¶ 21} Crim.R. 52 empowers appellate courts to correct errors occurring on the trial level under two instances. First, when a defendant objects to an error at trial, the appellate court considers whether the error was harmless under Crim.R. 52(A) which provides that any "error, defects, irregularity, or variance which does not affect substantial rights shall be disregarded." In this instance, the state has the burden of proof to establish that the error did not affect the substantial rights of the defendant. State v. Perry, 101 Ohio St.3d 118, 2004-Ohio-297, ¶ 15.
 {¶ 22} Second, where a defendant does not object at trial, Crim.R. 52(B) empowers the court to determine whether there was plain error. In this instance "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Crim.R. 52(B). This rule places three limitations on a reviewing court's decision to correct an error despite the absence of a timely objection.State v. Barnes, 94 Ohio St.3d 21, 27, 2002-Ohio-68. First, there must be an error. State v. Hill (2001), 92 Ohio St.3d 191, 200. Second, the error must be plain. Barnes at 27. "To be `plain' within the meaning of Crim.R. 52(B), an error must be an `obvious' defect in the trial proceedings." Id. Third, the error must have affected the defendant's "substantial rights." Id. In other words, the trial court's error must have affected the outcome of the proceeding. Id.; Hill at 205. The burden is on the defendant to demonstrate a violation of his substantial rights. State v. Perry, 2004-Ohio-297 at ¶ 14.
 {¶ 23} However, even if a forfeited error satisfies these three requirements, a reviewing court is not obliged to correct the error, as Crim.R. 52(B) uses the discretionary language that a reviewing court "may" correct the error. Barnes at 27; see, also, In re M.D.,38 Ohio St.3d 149. The Ohio Supreme Court has recognized the discretionary aspect of the plain error doctrine, warning courts to notice plain error "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." Id., quoting State v. Long (1978), 53 Ohio St.2d 91.
 {¶ 24} In cases where a trial court fails to make findings and state reasons in compliance with Comer, this omission is error, and in cases occurring after the Comer decision, the error is plain. See Bordner,2005-Ohio-1269. However, we find such an error does not affect substantial rights. As discussed above, the requirement that certain findings be stated on the record is not a constitutional right or requirement.
 {¶ 25} Moreover, the written sentencing entry in the 2003 case specifically states "the court also finds that prison is consistent with the purposes of Revised Code Section 2929.11" and in the 2004 case states that the court has considered the purposes and principles of sentencing and "whether or not community control is appropriate." In addition, the trial court's statements at the sentencing hearing, when taken as a whole reflect an appropriate consideration of the required factors, and the required finding that prison was consistent with the purposes of 2929.11, while not specifically stated, is implicit within the court's statements. Therefore, we find that if we were to remand this case to the trial court for the required findings, the court could simply read the judgment entry into the record, or make a brief statement of the finding already implicit in the record and the sentence would be formally correct.
 {¶ 26} We agree with the Ninth District that "a remand for recitation aloud, under the circumstances of this case changes nothing, and we conclude that the mere failure [of the trial court] to articulate these findings at the sentencing hearing does not affect a substantial right."Bordner at ¶ 15. "Moreover, such an outcome would not merely elevate form over substance; it would be an insult to the entire concept of harmless error." Id. "It is neither prudent not appropriate for this Court to order trial courts to remedy errors that do not affect the outcome of the case, i.e., do not affect substantial rights. To require resentencing in this case would "serve no useful purpose other than to require slavish obedience to what * * * would be a statutory ritual by the trial court." State v. Monford, Hamilton App. No C-030606,2004-Ohio-5616, ¶ 14. Therefore, because appellant's substantial rights were not affected, plain error can not be recognized.
 {¶ 27} Finally, we find that a trial court's error in failing to state the required findings and/or reasons at a sentencing hearing does not fit within a third class of errors recognized by the Ohio Supreme Court as structural errors. See State v. Martin, 103 Ohio St.3d 385, 2004-Ohio-5471, ¶ 53, Moyer, J., concurring. A structural error is a constitutional defect that defies analysis by harmless error standards, because it affects the framework within which the trial proceeds, rather than simply being an error in the trial process itself. State v. Perry,101 Ohio St.3d 118, 2004-Ohio-297. Such errors have only been recognized in a "limited class of cases" in which the errors permeate the "entire conduct of the trial from beginning to end," so that the trial court cannot `reliably serve its function as a vehicle for determination of guilt or innocence.'" Arizona v. Fulminante (1991), 449 U.S. 279, 309-310,111 S.Ct. 1246, quoting Rose v. Clark (1986), 478 U.S. 570, 577-78,106 S.Ct. 3101. Structural errors have been recognized in "only a very limited number of cases: * * * a total deprivation of the right to counsel; lack of an impartial trial judge; unlawful exclusion of grand jurors of the defendant's race; the right to self-representation at trial; the right to a public trial; erroneous reasonable doubt instruction to the jury." Johnson v. United States (1997), 520 U.S. 461,468-69, 117 S.Ct. 1544.
 {¶ 28} Recently, the Ohio Supreme Court examined whether the failure to maintain the written jury instructions with the "papers of the case" as required by R.C. 2945.10(G) was structural error. State v. Perry,101 Ohio St.3d 118, 2004-Ohio-297. The court first emphasized caution against applying a structural error analysis where the case would otherwise be governed by a plain error analysis because the defendant did not raise the error in the trial court. Id. at ¶ 23. The court cautioned "to hold that an error is structural even when the defendant does not bring the error to the attention of the trial court would be to encourage defendants to remain silent at trial only later to raise the error on appeal where the conviction would be automatically reversed. We believe that our holdings should foster rather than thwart judicial economy by providing incentives (and not disincentives) for the defendant to raise all errors in the trial court — where, in many cases, such errors can be easily corrected." Id. The court then turned to whether structural error existed, finding that because the requirement that a court keep written jury instructions with the papers of the case was a statutory requirement, a structural error analysis, which applies only applies to constitutional defects, was not warranted.
 {¶ 29} Unlike cases involving structural error, the type of error in this case does not involve a constitutional right and is more appropriately an error in the sentencing process rather than one involving the framework of the trial itself. See Bordner at ¶ 15. Like the error in Perry, the defect in the sentencing process in this case, the failure to articulate a statutory finding at the hearing, is a failure to follow a statutory requirement, not a constitutional violation.
 {¶ 30} Our holding in this case, as in our previous decisions, does not eliminate the trial court's affirmative duty to make the required statutory findings as set forth in the Ohio felony sentencing statutes. However, when a trial court explicitly provides a defendant with the opportunity to correct an error in sentencing, the defendant's failure to bring such error to the attention of the trial court can constitute a waiver.
 {¶ 31} Therefore, we find that to the extent that appellant argues certain findings were not made on the record at the sentencing hearing, these issues are waived for purposes of appeal because appellant failed to object at the sentencing hearing, despite being given at least two direct opportunities by the trial court. Appellant's assignment of error is overruled.
 {¶ 32} Judgment affirmed.
Powell, P.J., and Young, J., concur.
[1] We note that the 2004 presentence report contained all of the information provided in the 2003 report, and in reviewing the most recent report, the court was also reviewing the information in the 2003 report. In addition, the 2003 report was part of the record.