{¶ 24} While I concur with the majority's decision in Appellant's second assignment of error, I respectfully dissent from the majority's resolution of Appellant's first assignment of error as I feel under the circumstances presented, the case should be remanded for resentencing in accord with R.C.2929.14(E)(4).
 {¶ 25} In resolving Appellant's second assignment of error, the majority finds that Appellant has forfeited any error in his sentence by failing to object at his sentencing hearing. In so doing, the majority relies upon this Court's prior precedent inState v. Riley, 9th Dist. No. 21852, 2004-Ohio-4880 and Statev. Bordner, 9th Dist. No. 04CA0039, 2005-Ohio-1269. In Riley,
this Court used the rationale set forth by the Ohio Supreme Court in Comer to justify invoking the doctrine of waiver. Riley,
at ¶ 28. In turn, this Court's decision in Bordner supplied supporting rationale for Riley's conclusion. However, inComer, the Ohio Supreme Court noted that a trial court must make its findings orally at the sentencing hearing to allow defense counsel "the opportunity to correct obvious errors."State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, at ¶ 22. I agree with my colleague's dissents in Riley that such rationale contemplates "an affirmative action by the trial judge which may support an objection." Riley, at ¶ 50 (Carr, J., dissenting). I also agree that Ohio's statutory scheme is distinguishable from the issue presented in United States v. Vonn (2002),535 U.S. 55, and as such that Vonn's holding provides no support for the forfeiture rule created by Riley.
 {¶ 26} R.C. 2953.08(G)(1) provides:
"If the sentencing court was required to make the findings required by division (B) or (D) of section 2929.13, division (E)(4) of section 2929.14, or division (H) of section 2929.20 of the Revised Code relative to the imposition or modification of the sentence, and if the sentencing court failed to state the required findings on the record, the court hearing an appeal under division (A), (B), or (C) of this section shall remand thecase to the sentencing court and instruct the sentencing court to state, on the record, the required findings. (Emphasis added.)"
Accordingly, I would reach the merits of Appellant's second assignment of error because the above statute mandates reversal for errors in sentencing regardless of any possible prejudice to Appellant.
 {¶ 27} R.C. 2929.14(E)(4) permits a trial court to impose consecutive sentences upon finding that such sentences "are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public" and any of the following:
"(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or2929.18 of the Revised Code, or was under post-release control for a prior offense.
"(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
"(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." R.C. 2929.14(E)(4).
These findings must be made both orally at the sentencing hearing and written in the court's journal entry. Comer, at ¶ 26. Further, R.C. 2929.19(B)(2) requires that the court state its reasons for imposing consecutive sentences. "We do not require the court to utter any `magic' or `talismanic' words, but it must be clear from the record that the court made the required findings." State v. White (1999), 135 Ohio App.3d 481, 486.
 {¶ 28} At the sentencing hearing, the trial court sentenced Appellant to more than the minimum sentence and ordered consecutive sentences without making the findings required by statute. Accordingly, under R.C. 2953.08(G)(1), I would remand this matter to the trial court solely for resentencing in accord with R.C. 2929.14(E)(4).