[Cite as *State v. Jackson*, 2019-Ohio-665.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,              CASE NO.  1-18-20

      v.

CORY L. JACKSON,                  O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Allen County Common Pleas Court
Trial Court No. CR2017 0186

**Judgment Affirmed**

**Date of Decision:   February 25, 2019**

APPEARANCES:

    *Nikki Trautman Baszynski* **for Appellant**

    *Jana E. Emerick* **for Appellee**

**ZIMMERMAN, P.J.**

{¶1} Defendant-appellant, Cory L. Jackson ("Jackson"), appeals the April 13, 2018 judgment entry of sentence of the Allen County Court of Common Pleas. For the reasons that follow, we affirm.

{¶2} This case stems from the October 8, 2016 shooting death of Amari Gooding ("Gooding") at the Main Street Pub in Lima, Ohio. On June 15, 2017, the Allen County Grand Jury indicted Jackson on one count of murder in violation of R.C. 2903.02(A), (D) and 2929.02(B), an unclassified felony, and one count of aggravated robbery in violation of R.C. 2911.01(A)(1), (C), a first-degree felony. (Doc. No. 1). The indictment contains a firearm specification under R.C. 2941.145(A) as to both counts. (*Id.*). On June 29, 2017, Jackson appeared for arraignment and entered pleas of not guilty. (Doc. No. 15).

{¶3} The case proceeded to a jury trial on February 20-21, 2018. (Feb. 20-21, 2018 Tr., Vol. I, at 1); (Feb. 20-21, 2018 Tr., Vol. II, at 297). On February 21, 2018, the jury found Jackson guilty of the counts and specifications in the indictment. (Doc. Nos. 90, 91, 92, 93).

{¶4} On April 11, 2018, the trial court sentenced Jackson to an indeterminate term of life in prison with parole eligibility after serving 15 years on Count One, 9 years in prison on Count Two, and 3 years in prison as to each specification. (Doc. No. 103). The trial court further ordered that Jackson serve the terms consecutively

for an aggregate sentence of life in prison with parole eligibility after serving 30 years. (*Id.*). The trial court filed its judgment entry of sentence on April 13, 2018. (*Id.*).

{¶5} Jackson timely filed his notice of appeal on April 24, 2018, and raises one assignment of error for our review. (Doc. No. 105).

### Assignment of Error

**Cory L. Jackson was denied the right to choose the objective of his defense, in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Section 10, Article I of the Ohio Constitution.**

{¶6} In his sole assignment of error, Jackson argues that his trial counsel impinged his Sixth Amendment right to insist that his trial counsel refrain from admitting guilt. That is, Jackson contends that his trial counsel unconstitutionally conceded his guilt over Jackson's objection during the *sentencing* hearing and that the error amounts to structural error under *McCoy v. Louisiana*. __ U.S. __, 138 S.Ct. 1500 (2018). Jackson's argument necessarily challenges the lawfulness of his sentence.[1]

---

[1] "Because a client's autonomy, not counsel's competence, is in issue, we do not apply our ineffective-assistance-of-counsel jurisprudence." *McCoy v. Louisiana*, ___ U.S. ___, 138 S.Ct. 1500, 1511 (2018), citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984) and *United States v. Cronic*, 466 U.S. 648, 104 S.Ct. 2039 (1984).

*Standard of Review*

**{¶7}** Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Analysis*

**{¶8}** "A structural error is a constitutional defect that defies analysis by harmless error standards, because it affects the framework within which the trial proceeds, rather than simply being an error in the trial process itself." *State v. Fields*, 12th Dist. Butler No. CA2005-03-067, 2005-Ohio-6270, ¶ 27, citing *State v. Perry*, 101 Ohio St.3d 118, 2004-Ohio-297, ¶ 17.

> Structural error affects the substantial rights of a criminal defendant, even absent a specific showing that the outcome of the trial would have been different, and requires automatic reversal. Because a defendant is relieved of his burden to show prejudice, the finding of structural error is rare and limited to exceptional cases.

*State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, ¶ 53 (Moyer, J., concurring in judgment only), citing *Perry* at ¶ 18, citing *Johnson v. United States*, 520 U.S.

-4-

461, 468, 117 S.Ct. 1544 (1997). The "'limited class of cases'" recognizing structural error are cases "in which the errors permeate the 'entire conduct of the trial from beginning to end,' so that the trial court cannot "'reliably serve its function as a vehicle for determination of guilt or innocence.'"" *Fields* at ¶ 27, quoting *Arizona v. Fulminante*, 449 U.S. 279, 309-310, 111 S.Ct. 1246 (1991), quoting *Rose v. Clark*, 478 U.S. 570, 577-78, 106 S.Ct. 3101 (1986). Those "'limited number of cases'" in which structural errors have been recognized include "'a total deprivation of the right to counsel; lack of an impartial trial judge; unlawful exclusion of grand jurors of the defendant's race; the right to self-representation at trial; the right to a public trial; erroneous reasonable doubt instruction to the jury.'" *Id.*, quoting *Johnson v. United States*, 520 U.S. 461, 468-469, 117 S.Ct. 1544 (1997). To begin with, we must examine whether the error that Jackson alleges to be structural error is such error.

{¶9} The United States Supreme Court recently concluded in *McCoy* that a trial "counsel's admission of a client's guilt over the client's express objection is error structural in kind." *McCoy*, 138 S.Ct. at 1511. However, to amount to the type of structural error found in *McCoy*, the Court specifically noted that "the defendant *repeatedly and adamantly* insisted on maintaining his factual innocence despite counsel's preferred course: concession of the defendant's commission of criminal acts and pursuit of diminished capacity, mental illness, or lack of

premeditation defenses." (Emphasis added.) *Id.* at 1510. In other words, as Justice Alito stated in his dissenting opinion, "Where the defendant is advised of the strategy and says nothing, or is equivocal, the right is deemed to have been waived." *Id.* at 1515 (Alito, J., dissenting), citing *Florida v. Nixon*, 543 U.S. 175, 192, 125 S.Ct. 551 (2004).

{¶10} First, we must address whether a trial counsel's concession of guilt during sentencing in a non-capital case can amount to structural error. Primarily, Justice Alito suggested in his dissenting opinion in *McCoy* that "the right that the Court has discovered is effectively confined to capital cases." *Id.* at 1514 (Alito, J., dissenting). *See also State v. Brown*, 8th Dist. Cuyahoga No. 106667, 2019-Ohio-313, ¶13 (discussing the narrow application of the Supreme Court's holding in *McCoy*). That is, unlike all other cases, the jury must decide both guilt *and punishment* in capital cases. *See McCoy* at 1514. Turning to the merits of Jackson's appeal, this is not a capital case. That alone distinguishes the facts of this case from those presented in *McCoy*. *Compare United States v. Rosemond*, 322 F.Supp.3d 482, 486 (S.D.N.Y.2018) (distinguishing the Supreme Court's holding in *McCoy* by noting that "the government did not seek the death penalty in this case"). We need not extend the narrow holding of *McCoy* beyond capital cases in this case. *See id.* at 486-487 (noting "Rosemond's contention that the narrow holding of *McCoy* should be extended beyond capital cases and that this question will be resolved in

due course by appellate courts, there is no need to decide it here" and that "[t]his Court is not prepared to read *McCoy* so broadly absent definitive guidance from the higher courts"). *But see State v. Sowell*, 8th Dist. Cuyahoga No. 102752, 2015-Ohio-4770, ¶ 9 (suggesting that "[a]s a matter of constitutional law, constitutional violations occurring during sentencing are not structural errors and thus do not render a sentence void.").

{¶11} Even if a trial counsel's concession of guilt during sentencing in a non-capital case could amount to structural error, Jackson's argument that his trial counsel's statements amounted to structural error fails under the facts presented in this case. *Compare Rosemond* at 486 ("Even if the Court were to assume that *McCoy* is not limited to capital cases, Rosemond's motion would fail."). In this case, Jackson directs us to the following statement of his trial counsel at the sentencing hearing as violative of his Sixth Amendment right amounting to structural error:

> I get so disappointed because here when I look at Cory I know everybody's looking at him like "Oh well, he murdered somebody." Well, okay, yeah, he did; but he's not a life worth throwing out.

(Apr. 11, 2018 Tr. at 7-8). The balance of Jackson's argument focuses on his trial counsel's statements during the sentencing hearing to bolster his argument that his trial counsel disregarded his desire to maintain his innocence.

**{¶12}** However, Jackson fails to direct us to any evidence in the record of any definitive statements that Jackson *repeatedly and adamantly* insisted on maintaining his factual innocence. *Compare People v. Lopez*, 31 Cal.App.5th. 55, 242 Cal.Rptr.3d 451, 459 (2019) ("Here, unlike in *McCoy*, there is no evidence that appellant raised any objection to his counsel's decision to concede guilt on the hit and run charge."). Instead, Jackson encourages this court to assume from statements contained in the presentence-investigation report—which he contends reflect that he denied murdering Gooding—that he repeatedly and adamantly conveyed his desire to maintain his factual innocence. Nonetheless, after his trial counsel's statements during the sentencing hearing, Jackson did not object to any of his trial counsel's statements or repeatedly or adamantly protest his innocence in any way. Rather, Jackson's statement to the trial court immediately following his trial counsel's statements focused on apologizing to the victim's family and his family, while appealing to the trial court for leniency. (*See id.* at 9-10). Further, under the section titled "Defendant's Version," of the presentence-investigation report, Jackson stated, in part, "I take full responsibility because that lead [sic] to the shooting which caused the death of [Gooding]." (PSI).

**{¶13}** Accordingly, even if a trial counsel's concession of guilt during sentencing in a non-capital case could considered structural error, we conclude that Jackson waived his Sixth Amendment right in this case. *See McCoy*, 138 S.Ct. at

1515 (Alito, J., dissenting), citing *Nixon*, 543 U.S. at 192. For these reasons, we conclude that Jackson's sentence is not contrary to law. Thus, Jackson's assignment of error is overruled.

**{¶14}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**PRESTON and WILLAMOWSKI, J.J., concur.**

**/jlr**