The STATE of Ohio, Appellee,

v.

WRIGHT, Appellant.

[Cite as *State v. Wright* (1993), 91 Ohio App.3d 71.]

Court of Appeals of Ohio,
Allen County.

No. 1–93–9.

Decided Aug. 10, 1993.

*David E. Bowers*, Allen County Prosecuting Attorney, and *Gary R. Hermon*, Assistant Prosecuting Attorney, for appellee.

*Robert A. Grzybowski,* for appellant.

EVANS, Presiding Judge.

This is an appeal by the defendant, James O. Wright ("appellant"), from a judgment of conviction in the Court of Common Pleas of Allen County entered pursuant to a jury verdict of guilty to a charge of receiving stolen property, in violation of R.C. 2913.51(A).

On October 8, 1992, a Prudential Securities wire operator, Roberta Thoman, was carrying a bank bag of securities and checks to the bank for deposit. As Thoman approached the door of the bank, an unidentified male snatched the bag from her hands and fled down the alley next to the bank building. Although Thoman chased the thief, she was unable to overtake him. She then returned to her office and notified the police of the theft.

The next morning, Brenda Westbelt, the operations manager at Prudential Securities, placed a "stop" order on all the checks and securities which had been stolen, thus rendering them non-negotiable. That same day, the Prudential employees received several telephone calls from a man who identified himself as "Charles." "Charles" told the employees that he had found the bank bag in the alley and was interested in receiving a "reward" for return of the bag and its contents. He further requested that the police not be involved. During "Charles's" fourth call, Westbelt offered him a $50 reward. "Charles" agreed to return the bag in exchange for $50, and suggested a meeting place for the exchange.

Unbeknownst to appellant, Westbelt had arranged with the police department for a female detective to make the exchange in her stead. The detective was accompanied by several police officers who were to remain hidden until the exchange took place.

During the meeting between appellant and the detective, appellant became aware that other officers were nearby. Consequently, appellant fled the scene, on foot. Appellant was pursued by several police officers and was eventually apprehended when he was discovered crouched behind a house. Appellant claimed that he was simply there to "visit" his uncle, who lived in the house.[1]

Appellant was arrested and charged with burglary and receiving stolen property worth one hundred thousand dollars or more, a second degree felony. The burglary charge was later dismissed by the state. After a two-day trial, the jury found appellant guilty of receiving stolen property, but further found that the

---

1. The owner of the house testified at trial that he was not related to appellant in any way, and, in fact, had never seen him before.

property was worth less than one hundred thousand dollars. The court therefore convicted appellant of a first degree misdemeanor (receiving stolen property worth less than three hundred dollars). Appellant was sentenced to six months' imprisonment in the county jail, with credit given for eighty-two days already served. Appellant appealed the court's judgment of conviction, asserting two assignments of error.

## FIRST ASSIGNMENT OF ERROR

"The trial court erred in not entering a judgment of acquittal to the charge of receiving stolen property pursuant to Rule 29(A) of the Ohio Rules of Criminal Procedure as the evidence presented was insufficient to sustain a conviction of the charge."

In *State v. Bridgeman* (1978), 55 Ohio St.2d 261, 9 O.O.3d 401, 381 N.E.2d 184, the Supreme Court of Ohio announced the standard under which a Crim.R. 29(A) motion for acquittal must be considered, as follows:

"[A] court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." *Id.* at syllabus.

Appellant argues that "value" of the stolen property is an element of the crime of receiving stolen property, and that, since the state failed to present evidence that the property involved was worth over $100,000, as charged, then appellant could not be convicted of receiving stolen property. Following a review of the record and the relevant statutory law, we find the appellant's argument not well taken.

The Ohio Revised Code provides certain guidelines for the determination of the value of stolen property. As to the type of property involved herein, the code provides:

"When the property involved is a security or commodity traded on an exchange, the closing price or, if there is no closing price, the asked price, given in the latest market quotation prior to the offense, is prima-facie evidence of the value of such security or commodity." R.C. 2913.61(E)(2).

Evidence was adduced at trial of the market value of the securities and checks, as of the day of the actual theft of the bank bag. The value of the stolen certificates alone was determined to be over $170,000, based on their trading value on the New York Stock Exchange at the close of business on October 8, 1992. We find that, from the evidence submitted, reasonable minds could have

determined that the value of the stolen property in appellant's possession was over $100,000. Therefore, the trial court did not err in denying appellant's Crim.R. 29 motion for acquittal. The first assignment of error is overruled.

## SECOND ASSIGNMENT OF ERROR

"The jury verdict of guilty beyond a reasonable doubt of violating R.C. 2913.51(A), receiving stolen property[,] is against the manifest weight of the evidence."

■ Appellant further contends that the jury verdict is against the weight of the evidence. In *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, the Supreme Court announced the standard for appellate review of the legal sufficiency of the evidence in a criminal case:

"[T]he inquiry is, after viewing the evidence in the light most favorable to the prosecution, whether any reasonable trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.* at 273, 574 N.E.2d at 503.

In *Jenks,* the court examined the evidence submitted in support of the criminal element at issue "to determine whether such evidence, if believed, would convince the average mind of the [defendant's] guilt beyond a reasonable doubt." *Id.* at 274, 574 N.E.2d at 504.

Appellant argues that, since value of the stolen property was not sufficiently proven by the state, the state thereby failed to prove an element of the crime charged beyond a reasonable doubt. However, it is not essential that the value of the stolen property be proven in an exact amount. R.C. 2913.61 does require a jury finding of value, but only to such extent that the degree of the crime committed may be determined for sentencing purposes. The statute provides that, "if a guilty verdict is returned," the jury must determine the value of the stolen property and "return the finding of value as part of the verdict." In light of the statutory mandate, the trial court in this case did, in fact, err in its instruction to the jury as to the finding of "value" of the property involved. See *State v. Breaston* (1993), 83 Ohio App.3d 410, 414, 614 N.E.2d 1156, 1158–1159.

In the case before us, the court instructed the jury as follows:

"If you find the defendant guilty [of receiving stolen property] you will then proceed to find: we further find that the value of said property involved [was or was not] one hundred thousand dollars or more."

The jury accordingly found appellant guilty of receiving stolen property with a value of "not" one hundred thousand dollars or more. Since there are four degrees of receiving stolen property, such finding fails to give the trial court any instruction as to a specific degree of offense for purposes of imposing sentence.

However, the court sentenced appellant for the commission of a first degree misdemeanor, which carries a maximum penalty of six months' incarceration for a theft offense involving property worth $300 or less. We find appellant's conviction and sentence in this case to be supported by R.C. 2945.75, which provides in relevant part:

"(A) When the presence of one or more additional elements makes an offense one of more serious degree:

"* * *

"(2) A guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present. *Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged.*"

Accordingly, since appellant was convicted of "the least degree of the offense charged," such conviction and consequent sentence, provided for by R.C. 2945.-75(A)(2), were not prejudicial to appellant. Therefore, the second assignment of error is overruled.

Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment affirmed.*

HADLEY and THOMAS F. BRYANT, JJ., concur.