DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Guy R. Charlton, appeals from the decision of the Summit County Court of Common Pleas, which found him guilty of engaging in a pattern of corrupt activity, receiving stolen property, and illegal assembly or possession of chemicals for the manufacture of drugs. This Court affirms.
 I. {¶ 2} A burglary in Green, Ohio, in October 2003 gave rise to an investigation which led to appellant's arrest. Detective Jason Kline of the Summit County Sheriff's Department interviewed Crystal Husk regarding the burglary. As a result of the information Mrs. Husk provided, the Sheriff's Department began investigating various individuals who were reportedly breaking into cars and businesses and stealing various items. The Sheriff's Department conducted the investigation from November 2003 through March 2004. Based on the investigation, the police executed several search warrants at several locations and made approximately 17 arrests.
 {¶ 3} During the course of the investigation, Detective Kline had many conversations with Mrs. Husk. During one of those conversations, Mrs. Husk identified appellant as the person known as Big Randy or Guy Charlton. Mrs. Husk told Detective Kline that appellant was providing methamphetamine in exchange for stolen property and that he was involved in the manufacture of methamphetamine with David and Anthony Flaker and Gary Sonntag. The police were able to confirm what Mrs. Husk told them with police reports and through a second confidential informant.
 {¶ 4} On January 1, 2004, the police conducted surveillance at Matt Nicholas' residence in Akron. They had been informed that Matt Nicholas, Rickey Meadows, and Paul Smith were going to be stealing items and delivering them to appellant. Police also conducted surveillance of a garage located in a junkyard on Kenmore Boulevard in Akron that was leased by appellant. As a result of their investigation, the police were able to obtain search warrants for appellant's residence and the junkyard located on Kenmore Boulevard. Upon executing the search warrants, 277 items were seized from appellant's garage and residence.
 {¶ 5} As the result of the police investigation, appellant was indicted by the Summit County Grand Jury on one count of engaging in a pattern of corrupt activity, a violation of R.C.2923.32(A)(1)/(B)(1); one count of receiving stolen property, a violation of R.C. 2913.51(A); and one count of assembly or possession of chemicals used to manufacture controlled substance, a violation of R.C. 2925.041. Appellant pled not guilty, and the matter proceeded to a jury trial. The jury found appellant guilty of all charges, and the trial court sentenced appellant to a total prison term of eight years and ordered him to pay a fine of $100,000.
 {¶ 6} Appellant timely appealed, setting forth five assignments of error for review. Some of the assignments of error have been combined for ease of discussion.
 II. FIRST ASSIGNMENT OF ERROR
"MR. CHARLTON'S RIGHT TO A FAIR TRIAL WAS VIOLATED UNDER THE OHIO AND FEDERAL CONSTITUTIONS AND OHIO RULE OF EVIDENCE 403(A) WHEN THE STATE WAS PERMITTED TO INTRODUCE INTO EVIDENCE INFLAMATORY AND IRRELEV[A]NT INFORMATION AND EXHIBITS WHERE THE PROBATIVE VALUE OF THE INFORMATION AND EXHIBITS DID NOT OUTWEIGH THE PREJUDICIAL EFFECT ON THE JURY."
 {¶ 7} In his first assignment of error, appellant argues that it was plain error for the trial court to permit the admission of evidence regarding large quantities of personal property which law enforcement officers found during the course of their investigation, but which was not proven to be stolen. This Court disagrees.
 {¶ 8} Admission of evidence is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. Renfro v. Black (1990), 52 Ohio St.3d 27,32. An abuse of discretion connotes more than a mere error of judgment; it implies a decision is without a reasonable basis, and one that is clearly wrong. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. In order to establish plain error, a defendant must show that the error alleged so adversely affected his substantial rights that the fairness of the guilt determining process was undermined. State v. Swanson (1984),16 Ohio App.3d 375, 377; City of Whitehall v. Wildi, 10th Dist. No. 01AP-762, 2002-Ohio-1035; Crim.R. 52(B). Plain error must be obvious on the record, palpable, and fundamental such that it should have been apparent to the trial court without objection. State v. Tichon
(1995), 102 Ohio App.3d 758, 767.
 {¶ 9} Evid.R. 402 provides generally that relevant evidence is admissible and evidence that is not relevant is inadmissible. Evid.R. 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Finally, pursuant to Evid.R. 403(A), even relevant evidence is inadmissible where "its probative value is substantially outweighed by the danger of unfair prejudice[.]"
 {¶ 10} To support his argument, appellant cites State v.Teasley, 10th Dist. Nos. 00AP-1322 and 00AP-1323, 2002-Ohio-2333. In Teasley, the court found that the admission of items which could not be shown to be stolen undermined the fairness of the appellant's trial. Id. at ¶ 36. In the case sub judice, however, appellant has failed to show that he was prejudiced by the introduction of the inventory sheets containing items which were not proven to be stolen into evidence.
 {¶ 11} As appellant points out in his appellate brief, Detective Keith Gowens and Deputy Jason Kline both testified that various items on the inventory logs could not be proven to be stolen. It is also clear that the jury did not believe that all 277 items which were seized from appellant's residence and the junkyard property were stolen. Detective Jeff Franklin of the Summit County Sheriff's Department estimated the total value of the items stolen to be in excess of $100,000. Moreover, in the indictment, appellant was charged with receiving stolen property in an amount greater than $100,000. However, the jury found appellant guilty of receiving stolen property with a value of $5,000 or more but less than $100,000. Appellant has failed to show that the admission of the inventory sheets undermined the fairness of the guilt determining process. Consequently, appellant's first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR
"THE COURT ERRED IN DENYING MR. CHARLTON'S CRIMINAL RULE 29(A) MOTION FOR ACQUITTAL."
 THIRD ASSIGNMENT OF ERROR
"PU[R]SUANT TO ARTICLE IV § 3 OF THE OHIO CONSTITU[T]ION, THE VERDICT OF GUILTY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED AT TRIAL."
 {¶ 12} In his second and third assignments of error, appellant avers that the trial court erred in denying his Crim.R. 29 motion for acquittal and that his convictions were against the manifest weight of the evidence. This Court disagrees.
 {¶ 13} As a preliminary matter, this Court observes that sufficiency of the evidence and weight of the evidence are legally distinctive issues. State v. Thompkins (1997),78 Ohio St.3d 380, 386.
 {¶ 14} Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." A trial court may not grant an acquittal by authority of Crim.R. 29(A), if the record demonstrates that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt.State v. Wolfe (1988), 51 Ohio App.3d 215, 216. In making this determination, all evidence must be construed in a light most favorable to the prosecution. Id. "In essence, sufficiency is a test of adequacy." Thompkins, 78 Ohio St.3d at 386.
 {¶ 15} "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." State v.Gulley (Mar. 15, 2000), 9th Dist. No. 19600. When a defendant asserts that his conviction is against the manifest weight of the evidence,
"an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986),33 Ohio App.3d 339, 340.
This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
 {¶ 16} Sufficiency of the evidence is required to take a case to the jury; therefore, a finding that a conviction is supported by the weight of the evidence necessarily includes a finding of sufficiency. State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462. "Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." Id.
 {¶ 17} In the present case, appellant was convicted of receiving stolen property, a violation of R.C. 2913.51(A), which provides:
"No person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense."
R.C. 2913.51(C) provides for a finding on the value of the stolen property received, to which the statute then assigns the corresponding degree of the offense.
 {¶ 18} Appellant challenges his conviction for receiving stolen property on two grounds. First, he argues that the trial court erred by not providing a jury instruction on a lesser-included offense, thus precluding the jury from finding the value of the stolen property to be in an amount less than that charged in the indictment. Second, appellant contends that the State failed to prove the dollar value of the stolen property.
 {¶ 19} Appellant's argument that the trial court failed to instruct the jury on a lesser-included offense is without merit. To comprise an offense of an inferior degree, the offense is one in which the elements are identical to the indicted offense except for one or more additional mitigating elements. State v.Deem (1988), 40 Ohio St.3d 205, paragraph two of the syllabus. In the case sub judice, the indictment charged appellant with receiving stolen property in an amount greater than $100,000. However, the jury found appellant guilty of receiving stolen property in an amount greater than $5,000 or more but less than $100,000, pursuant to R.C. 2913.51(C). Therefore, the jury found appellant guilty of a lesser degree of the crime, not of a lesser-included offense.
 {¶ 20} Appellant also argues that "value" of the stolen property is an element of the crime of receiving stolen property, and that, since the state failed to present evidence that the property involved was worth over $100,000, as charged, then appellant could not be convicted of receiving stolen property. Pursuant to a review of the record and the relevant statutory law, this Court finds appellant's argument not well taken.
 {¶ 21} It is not necessary that the value of the stolen property be proven in an exact amount. State v. Wright (1993),91 Ohio App.3d 71, 74. R.C. 2913.61 requires a jury finding of the value, but only to such extent that the degree of the crime committed may be established for sentencing purposes. The statute provides that, "if a guilty verdict is returned," the jury must determine the value of the stolen property and "return the finding of value as part of the verdict."
 {¶ 22} In the present case, the trial court instructed the jury as follows:
"[I]f you find that the State proved beyond a reasonable doubt all of the essential elements of the crime of receiving stolen property, your verdict must be guilty, according to your findings.
"Now, in the event your verdict is guilty, you will decide the value of the stolen property. You will indicate on the verdict form, and there will be a special line for this finding, the value of the property.
"And you will determine based on the evidence whether or not the property was — was valued at $100,000 or more, 5,000 or more but less than 100,000, $500 or more but less than $5,000, or less than 500."
 {¶ 23} The jury accordingly found appellant guilty of receiving stolen property with a value of $5,000 or more but less than $100,000. In light of the statutory mandate, the trial court in this case did not err in its instruction to the jury as to the finding of "value" of the property involved.
 {¶ 24} Appellant was also convicted of assembly or possession of chemicals used to manufacture controlled substance, a violation of R.C. 2925.041, which provides, in relevant part:
"(A) No person shall knowingly assemble or possess one or more chemicals that may be used to manufacture a controlled substance in schedule I or II with the intent to manufacture a controlled substance in schedule I or II in violation of section 2925.04 of the Revised Code.
"(B) In a prosecution under this section, it is not necessary to allege or prove that the offender assembled or possessed all chemicals necessary to manufacture a controlled substance in schedule I or II.
The assembly or possession of a single chemical that may be used in the manufacture of a controlled substance in schedule I or II, with the intent to manufacture a controlled substance in either schedule, is sufficient to violate this section."
 {¶ 25} Appellant challenges his conviction under R.C.2925.041 on two grounds. First, appellant argues that he did not possess any of the chemicals found as a result of the search warrants executed at the junkyard located at 196 Kenmore Boulevard.
 {¶ 26} Possession is defined as "having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C.2925.01(K). R.C. 2901.21(D)(1) sets forth the requirements for criminal liability and provides: "Possession is a voluntary act if the possessor knowingly procured or received the thing possessed, or was aware of the possessor's control of the thing possessed for a sufficient time to have ended possession."
 {¶ 27} "Possession may be actual or constructive." State v.Kobi (1997), 122 Ohio App.3d 160, 174. Actual possession requires ownership or physical control. State v. Messer (1995),107 Ohio App.3d 51, 56. The courts have defined constructive possession as "knowingly exercis[ing] dominion and control over an object, even though that object may not be within his immediate physical possession." State v. Hankerson (1982),70 Ohio St.2d 87, syllabus. See, also, State v. Wolery (1976),46 Ohio St.2d 316, 329. Circumstantial evidence is sufficient to support the element of constructive possession. See State v.Jenks (1991), 61 Ohio St.3d 259, 272-73. As such, readily usable drugs or other contraband in close proximity to a defendant may constitute sufficient and direct circumstantial evidence to support a finding of constructive possession. State v. Pruitt
(1984), 18 Ohio App.3d 50, 58; Hamilton v. Barnett (Aug. 3, 1998), 12th Dist. No. CA97-11-222; State v. Williams (Dec. 7, 2000), 8th Dist. No. 76816.
 {¶ 28} In the present case, this Court finds that the State presented ample evidence to prove that appellant constructively possessed the chemicals located at the junkyard. The evidence presented by the State showed that appellant had control over the junkyard property, which included the motor home. Appellant leased the property along with David Flaker. Appellant worked at the junkyard. Detective Sample of the Summit County Sheriff's Office testified that while conducting surveillance at the junkyard property, he and other officers observed appellant solely performing the duties of opening and closing the property. Deputy Robert Scalise of the Summit County Sheriff's Department testified that the property is completely enclosed by a fence.
 {¶ 29} Deputy Scalise further testified that a motor home found on the property contained a lab for the manufacture of methamphetamines. Specifically, Deputy Scalise testified that upon searching the motor home, the police found chemicals or components to manufacture methamphetamine grouped together. Detective Sample also testified that appellant admitted to owning the motor home and knowing its contents.
 {¶ 30} Next, appellant argues that the State failed to prove that he possessed the requisite intent to manufacture methamphetamine. As to appellant's intent, "[t]he law has long recognized that intent, lying as it does within the privacy of a person's own thoughts, is not susceptible of objective proof."State v. Garner (1995), 74 Ohio St.3d 49, 60. Intent "can never be proved by the direct testimony of a third person and it need not be. It must be gathered from the surrounding facts and circumstances * * *." State v. Lott (1990), 51 Ohio St.3d 160,168, quoting State v. Huffman (1936), 131 Ohio St. 27, paragraph four of the syllabus.
 {¶ 31} Officer Jason Kline of the Summit County Sheriff's Department testified that while questioning Crystal Husk, she advised that appellant provided methamphetamine in exchange for stolen property and that he was involved in the manufacture of methamphetamine with David and Anthony Flaker and Gary Sonntag. Deputy Scalise testified that the police found a lab and the chemicals needed to produce methamphetamine while executing the search warrants at the junkyard property. Crystal Husk testified that she participated in transporting various illegal chemicals used to make methamphetamine from the New Philadelphia area to appellant's residence.
 {¶ 32} Given the facts and circumstances surrounding the present matter, this Court concludes that the State presented enough evidence to support the jury's conclusion that appellant maintained possession of the lab equipment in order to manufacture the drug.
 {¶ 33} In addition, appellant was convicted of engaging in a pattern of corrupt activity, a violation of R.C. 2923.32(A)(1) and (B)(1), which state, in relevant part:
"(A)(1) No person employed by, or associated with, any enterprise shall conduct or participate in, directly or indirectly, the affairs of the enterprise through a pattern of corrupt activity or the collection of an unlawful debt.
"(B)(1) Whoever violates this section is guilty of engaging in a pattern of corrupt activity. Except as otherwise provided in this division, engaging in corrupt activity is a felony of the second degree. If at least one of the incidents of corrupt activity is a felony of the first, second, or third degree, * * * engaging in a pattern of corrupt activity is a felony of the first degree."
 {¶ 34} In challenging his conviction of engaging in a pattern of corrupt activity, appellant does not challenge the existence of an enterprise. Instead, appellant argues that his convictions of receiving stolen property and assembly or possession of chemicals used to manufacture controlled substance were not supported by the manifest weight of the evidence, so there is no third degree felony conviction that can serve as a basis for his conviction of engaging in a pattern of corrupt activity as a first degree felony. Having found that appellant's convictions of receiving stolen property and assembly or possession of chemicals used to manufacture controlled substance were supported by the manifest weight of the evidence, this Court finds that appellant's conviction of engaging in a pattern of corrupt activity is also supported by the manifest weight of the evidence.
 {¶ 35} In addition, appellant makes a blanket challenge to the credibility of the State's witnesses. After reviewing the record, this Court cannot find any indication that the State's witnesses are less than credibile. Furthermore, appellant offered no competing testimony to cast doubt on the State's witnesses. Appellant's argument regarding the credibility of the State's witnesses is without merit.
 {¶ 36} For the foregoing reasons, this Court finds that the trial court did not lose its way and create a manifest miscarriage of justice when it convicted appellant of receiving stolen property, assembly or possession of chemicals used to manufacture controlled substance, and engaging in a pattern of corrupt activity. Having found that appellant's convictions are not against the manifest weight of the evidence, this Court further necessarily finds that there was sufficient evidence to support the trial court's verdict. Appellant's second and third assignments of error are overruled.
 FOURTH ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED WHEN IT FAILED TO IMPOSE THE SHORTEST PRISON TERM WHEN THE ADDITIONAL FINDINGS NEEDED TO IMPOSE THAT TERM WERE NOT FOUND BY A JURY OR ADMITTED BY THE DEFENDANT."
 {¶ 37} Appellant argues in his fourth assignment of error that the trial court violated his Sixth Amendment rights when it sentenced him to a greater term than authorized by jury verdict alone. Specifically, appellant asserts that Blakely v.Washington (2004), 542 U.S. 296, compels the modification of his prison sentence to concurrent prison terms of an aggregate of three years. This Court disagrees.
 {¶ 38} This Court has previously held that Blakely is inapplicable to Ohio's sentencing scheme. State v. Rowles, 9th Dist. No. 22007, 2005-Ohio-14, at ¶¶ 192-0. Additionally, we have held that U.S. v. Booker (2005), 543 U.S. 220, provided no rationale for this Court to revisit our prior holding. State v.Burns, 9th Dist. No. 22198, 2005-Ohio-1459, at ¶ 5. Accordingly, appellant's fourth assignment of error is overruled.
 FIFTH ASSIGNMENT OF ERROR
"APPELLANT WAS PREJUDICED BY THE INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL."
 {¶ 39} In his fifth assignment of error, appellant argues that his trial counsel provided ineffective assistance of counsel by failing to file a motion in limine to preclude the introduction of inventory sheets and/or object to the admission of the logs at trial. This Court disagrees.
 {¶ 40} Appellant bears the burden of proof in a claim of ineffective assistance of counsel. State v. Colon, 9th Dist. No. 20949, 2002-Ohio-3985, at ¶ 49. In order to overcome his burden and establish an ineffective assistance of counsel claim, appellant must satisfy a two-prong test. First, appellant must demonstrate that trial counsel's performance was deficient.Strickland v. Washington (1984), 466 U.S. 668, 687. To establish a deficiency, appellant must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed appellant by the Sixth Amendment. Id. Appellant must identify the acts or omissions of his attorney that he claims were not the result of reasonable professional judgment. State v. Palmison, 9th Dist. No. 20854, 2002-Ohio-2900, at ¶ 31. This Court must consider the facts of this particular case as they existed at the time of trial counsel's conduct and then we must decide whether counsel's conduct fell outside the range of that which is considered professionally competent. Id.
 {¶ 41} To prove his claim of ineffective assistance of counsel appellant must also demonstrate that he was prejudiced by his trial counsel's deficient performance. Id. at ¶ 30. Prejudice entails "a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."State v. Bradley (1989), 42 Ohio St.3d 136, paragraph three of the syllabus, certiorari denied (1990), 497 U.S. 1011. This requires a showing that counsel's errors were so serious as to deprive appellant of a fair trial. Strickland,466 U.S. at 686-687.
 {¶ 42} This Court may dispose of a claim of ineffective assistance of counsel by analyzing only the second prong of the test where defendant fails to show sufficient resulting prejudice. In re J.J., 9th Dist. No. 21386, 2004-Ohio-1429, at ¶ 16.
 {¶ 43} Appellant claims that his counsel was ineffective for failing to file a motion in limine to preclude the introduction of inventory sheets and/or object to the admission of the logs at trial. Given this Court's finding that appellant was not prejudiced by the introduction of the inventory logs into evidence, this Court finds that appellant has not provided sufficient evidence that he was prejudiced by his trial counsel's actions. Consequently, appellant's fifth assignment of error is overruled.
 III. {¶ 44} Appellant's assignments of error are overruled. The decision of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
Slaby, P.J. Whitmore, J. concur.